### LAIN *vs.* LAIN.

The revised statutes, by necessary implication, allow an appeal from a decree of the court of chancery in relation to the general costs of a suit in that court. But no appeal lies from a decision as to mere interlocutory costs, when the giving or refusing of costs is in the discretion of the court.

In analogy to the law in relation to appeals from decrees of courts of chancery in relation to costs, an appeal lies to the chancellor from a decision of a surrogate, in relation to the general costs of a suit or proceeding before him to call an executor or administrator to account.

THIS was an appeal from so much of the sentence and decree of the surrogate of the county of Yates as awarded costs to the administrator, to be paid personally by the party who had instituted proceedings against him to compel him to account.

*James Taylor*, for the appellant.

*D. B. Prosser*, for the respondent.

April 4.

1843.

Lain
v.
Lain.

THE CHANCELLOR. The objection that an appeal does not lie from a decree of a surrogate upon a question of costs merely, is not well taken. Previous to the adoption of the revised statutes, it was an established principle that an appeal would not lie to reverse the decision of the court below upon a question of costs only ; where the giving or refusing costs was a matter of discretion merely. And such is still the law in relation to interlocutory costs ; but not as to the general costs of the suit. ( *Winslow* v. *Collins*, 3 *Paige's Rep.* 88.) The exceptions to the general rule on this subject, in the English court of chancery, are stated by Lord Cottenham in *Angell* v. *Davis*, (4 *Myl. & Craig's Rep.* 360.) Or rather, he shows a class of cases that do not come within the rule, because the giving or refusing costs, in the cases to which he refers, depends upon certain fixed principles rather than upon the exercise of the discretion of the court. ( *See also Buloid* v. *Miller*, 4 *Paige's Rep.* 473.) The legislature however has, by necessary implication, changed the law as to the right to appeal from a decision of the court of chancery in reference to the general costs of the cause, or suit, by the provision of the revised statutes which fixes the time for appealing in such cases. (2 *R. S.* 605, § 79.) And the settled practice of this court and of the court for the correction of errors now is, to permit an appeal to be brought from a decree of the court below involving the question as to the equitable right to the general costs of the cause ; although the giving or refusing of costs was a matter of discretion merely, and depended upon the facts and circumstances of the particular case, and not upon any certain and fixed principles of law. In analogy therefore to this change of the law as to appeals in relation to costs resting in discretion merely in suits commenced in chancery, I think this court is bound to sustain an appeal from a decision of a surrogate, in relation to the general costs of a suit or proceeding before him to call an executor or administrator to account.

Having arrived at the conclusion that an appeal lies in such a case, I have looked into the return of the surrogate,

to see whether there was any sufficient grounds for the objection that he had erred in charging the appellant with the costs in this case. By the 10th section of the title of the revised statutes relative to surrogate's courts, (2 *R. S.* 223,) it is provided that in all cases of contest before a surrogate's court, such court may award costs to the party in the judgment of the court entitled thereto, to be paid by the other party personally, or out of the estate which is the subject of such controversy. This was a case, therefore, in which the surrogate was authorized to charge the costs of the proceeding upon the party who had instituted the suit for an account and had failed therein, if the surrogate, upon the facts of the case, was satisfied that such suit ought not to have been commenced. And I concur in the conclusion at which he arrived, that the costs of this unnecessary and useless proceeding ought not to be borne by the administrator, or by the estate which he represented, but by the appellant personally.

The sentence and decree of the surrogate is therefore affirmed with costs, and interest on the amount of costs awarded by the surrogate, as damages for the delay caused by this appeal. (2 *R. S.* 618, § 35.) The interest must be computed from the time when the costs were payable by the decree of the surrogate.