MARY E. NOYES, et al. Executors, etc., Respondents, *v.* THE CHILDREN'S AID SOCIETY OF THE CITY OF NEW YORK, et al. Appellants.

The provision of the act of 1870 (§ 9, chap. 359, Laws of 1870), giving to the surrogate of the county of New York authority to grant "allowance in lieu of costs," in proceedings before him, "in the same manner as are now prescribed by the Code of Procedure," simply authorizes allowances in cases in which, under the Revised Statutes (2 R. S., 223, § 10), the surrogate has power to award costs.

In giving allowances under said act, the surrogate is confined to the "manner" laid down in sections 308 and 309 of the Code — *i. e.*, he cannot exceed the maximum limit of the amount which may be allowed, fixed by said sections, and must follow the process by which that amount may be arrived at, which is prescribed therein.

The Revised Statutes (2 R. S., 223, § 10), confer upon the surrogate a discretionary power to award costs to *any* party who, in his judgment, is entitled thereto. He is not confined to an award to the party who obtains a decree in his favor upon the question contested; nor is he prohibited from awarding costs to more than one of the parties.

The opinion of the court below upon this question (10 Hun, 289) disapproved.

A decree of the surrogate granting an allowance may be reviewed upon the merits by the General Term.

Where an order of General Term reversing a surrogate's decree, granting an allowance in a case where the surrogate's court had power to make the allowance, is silent as to the ground of reversal, it may be assumed, in support of the order on appeal to this court, that the decree was reversed upon the merits; the opinion of the General Term will not be resorted to for the purpose of showing that the reversal was for a supposed want of power in the surrogate's court to give the allowance. Such order, therefore, is not reviewable here.

(Argued June 19, 1877; decided September 25, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing certain portions of a decree of the surrogate of the county of New York, granting allowances to counsel for the appellants. (Reported below, 10 Hun, 289.)

The respondents, as executors of the last will and testament of Eliza Hearsay, deceased, presented the same for

probate. The appellants, who were legatees under a former will, contested.

The surrogate admitted the will to probate, but made allowances to the counsel for the contesting parties. From this part of the decree the executors appealed.

The General Term reversed the portion of the decree appealed from. The order of reversal was silent as to the ground of reversal.

*Henry L. Clinton*, for the appellants. The allowance of cos's and counsel fees to the appellants' counsel was proper, and rested in the discretion of the surrogate. (Laws 1870, chap. 358, p. 828; Code, §§ 303–309; 3 R. S. [6th ed.], 330, 899; 2 R. S. [Edms. ed.], 613, 636; Laws 1837, chap. 460, § 70; *Shultz* v. *Pulver*, 3 Paige, 181; *Halsey* v. *Van Amringe*, 6 id., 12; *Burtis* v. *Dodge*, 1 Barb. Ch., 77; *Western* v. *Romaine*, 1 Brad., 37; *Wilcox* v. *Smith*, 26 Barb., 316; *In re Griswold*, 15 Abb., 299; *Devin* v. *Patchen*, 26 N. Y., 449; *Reed* v. *Reed*, 52 id., 651; *Dupuy* v. *Wurtz*, 53 id., 556; 3 T. & C., 113; *Clapp* v. *Fullerton*, 8 id., 119; *Wetmore* v. *Parker*, 52 N. Y., 466; *Downing* v. *Marshall*, 37 id., 380; *Courval* v. *Ray*, id., 380; *Van Riper* v. *Poppenhusen*, 43 id., 75; *Morrell* v. *Dickey*, 1 J. Ch., 153.)

*Robert W. De Forest*, for the respondents. The surrogate of the county of New York has no power to grant an allowance to counsel for a party who does not prevail in a proceeding before him. (3 R. S. [6th ed.], 326; *Cleveland* v. *Whiton*, 31 Barb., 546; *Seaman* v. *Duryea*, 11 N. Y., 324; *Wilson* v. *Bap. Soc.*, 10 Barb., 308; *Magie* v. *Vedder*, 6 id., 353; *Devin* v. *Patchen*, 26 N. Y., 441; *Lee* v. *Lee*, 16 Abb. Pr., 129; *Shultz* v. *Pulver*, 3 Paige, 182; *Reed* v. *Vanderheyden*, 5 Cow., 719; 3 R. S. [5th ed.], 367, §§ 23, 25; *Wilcox* v. *Smith*, 26 Barb., 316; *Western* v. *Romaine*, 1 Brad., 37; *In re Christy's Will*, 1 Tuck., 22; *Sherman* v. *Young*, 6 How. Pr., 318; *Burtis* v. *Dodge*, 1 Barb. Ch., 77; *Halsey* v. *Van Amringe*, 6 Paige, 12; *Wilkinson* v. *Tiffany*, 4 Abb. Pr., 98; *At. Dock Co.* v. *Libby*, 45 N. Y., 499.)

Folger, J.   No doubt the Surrogate's Court, must find in some statute, its authority to give costs, or make an allowance in the nature thereof.   The Revised Statutes (2 R. S., p. 223, § 10), give the power to award costs.   Chap. 359, § 9, of the Laws of 1870, p. 828, gives the power to make an allowance.   There are two phrases in the latter section, which affect the power there given.   One is, "in lieu of costs;" which restricts the allowance of a gross sum to the cases in which, under the Revised Statutes, costs according to a fee bill might have been awarded.   The other is, according to the manner "as *are* now prescribed by the Code of Procedure in civil actions."   The last quoted phrase does not grant a power any larger than that given by the Revised Statutes, so far as the occasion for giving allowances to both parties, or for the benefit of both parties, is concerned.   The Surrogate's Court, in giving allowances under the act of 1870, was confined to the manner (*i. e.*, the way of managing;   see Richardson's Dicty., "manner"), laid down in §§ 308 and 309 of the Code.   Neither of them provide for an allowance to any party but the one which prevails.   (*Downing* v. *Marshall*, 37 N. Y., 384.)   But they fix the maximum limit of the amount which may be allowed, and prescribe the process by which that amount may be arrived at.   This method or manner the Surrogate's Court must follow;   and this is what is meant by the phrase from the act of 1870, secondly above quoted.   Section 318 (Code), relates to the Supreme Court alone, and to a certain class of cases in it.

The Surrogate's Court may give allowance, however, in lieu of costs, and the Revised Statutes declare when it may award costs ;   and by the act of 1870, whenever it may award costs by the Revised Statutes, it may give an allowance to counsel instead of costs to the party.   The Revised Statutes confer a discretionary power to award costs.   The surrogate may withhold costs from both or all parties.   He may award them to the party in his judgment who is entitled to them.   This does not mean the party who is technically successful ;   that is, who obtains a decree in his favor upon the

question contested. It means the party whose behavior in the circumstances provoking the litigation, whose situation in relation to the estate, or the particular subject in controversy is such, as that it is equitable and just, that he be remunerated for his expenses in the litigation. The surrogate may also charge the costs of one party upon another, or upon the estate. The claim that his discretion stops here, and that he may not in any case give costs to both or all parties, is placed upon very narrow ground. It is put solely upon the words, "the party * * * entitled." It is argued that the use of the definite article "the" in connection with the phrase "party entitled," shows that the Legislature meant that the surrogate should determine which one party in particular, of all contesting before him, is entitled to costs. This is too narrow, as a matter of definition. "It is manifest that in all our uses of the article 'The,' it directs what particular thing or things we are to take or assume as spoken of. 'The' (says Dr. Lowth), 'determines what particular thing is meant'; *i. e.*, what particular thing we are to assume to be meant." (Richardson's Dicty, *in voce*.) Yet this article is not always to mean but one. Take the well-worn and well-wearing quotation: "The man that hath not music in himself, is fit for treason, stratagem, and spoils." The meaning of the article is not exhausted, when one man is found with no music in himself. "The man," means there, "any man." So, in this statute, 'the party * * * entitled,' means 'any party entitled.' It is too narrow, also, in view of the equitable character of the litigation in Surrogates' Court, involving as parties executors, administrators, trustees, *cestuis que trust*, legatees, heirs-at-law, next of kin, infants, married women, guardians, wards, in whose favor, or to whose harm, rules, as to costs, have grown up in equity from a long course of adjudication, and in which cases great latitude has been taken by courts of equity (still, however, regulated by established principles), in granting or refusing costs, and in charging them upon persons or estates. A Surrogate's Court is, in its nature, a court of equity, and

has the discretion, subject to statute, in regard to costs, which that court has. It is too narrow, also, in view of the numerous different parties with entirely or partly, friendly or opposing interests, who contest in Surrogates' Courts. It is impossible to say that the Legislature meant that the surrogate should determine, from among them all, the one party, who, in his judgment, was alone entitled to costs. There must be a larger discretion than that, or great hardship must be inflicted, and manifest equities disregarded.

But this does not compel us to affirm the decree of the surrogate in this case, giving allowances. Nor, this view being taken, was the General Term powerless to remedy what it saw was an erroneous exercise of discretionary power, and one of the shoots of a great and growing evil. A decree of a surrogate granting allowances, is the subject of appeal upon the merits (*Lain* v. *Lain*, 10 Paige, 191; *Wilcox* v. *Smith*, 26 Barb., 316); and may be reviewed by the General Term; and if without justification in the facts and circumstances of the case, reversed entirely, or modified and reduced. (Code, § 471; 2 R. S., 605, § 79; 10 Paige, *supra*.)

In the case before us, the order of the General Term reversing the decree of the surrogate, is silent as to the ground of reversal. We are not able to say from that, whether the reversal was for a supposed want of power in the Surrogate's Court to give an allowance to more than the prevailing party in the contest, or whether it was that the judgment of the General Term was, on all the facts and circumstances of the case, that the appellants were not entitled to costs. To be sure, the opinion delivered by the learned Presiding Justice is very clear in declaring a want of power. That, however, is no part of the record, and will not be looked to alone to find error.

As, then, the General Term had the power to reverse, for the cause above stated, and we are not able to say, from the record, that that was not the cause of its judgment, and as we have no power to reverse an order resting in discretion of the court below (Code, § 11); nor have we the desire to

in this case, the order of the General Term should be affirmed.

All concur; CHURCH, Ch. J., and ALLEN, J., concurring in result.

Order affirmed.