NEW YORK COUNTY.— HON. D. C. CALVIN, SURROGATE. — May, 1878.

GUNNING v. LOCKMAN.

*In the matter of the final accounting of* JACOB H. LOCKMAN, *executor, &c., of* CHARLES E. CARMAN, *deceased.*

Under the provisions of section 9 of chapter 359 of the Laws of 1870 (p. 426), allowances in lieu of costs may be made to all the counsel, upon the accounting of an executor or administrator, instead of to the parties.

*It seems* that this provision extends even to a proceeding in which there is no contest.

Where an infant is cited to appear on an accounting, the appointment of a special guardian to represent him there is necessary, although he have a general guardian, and an allowance to such special guardian upon such accounting is proper.

The facts appear in the opinion.

GEORGE G. KIP, *for executor.*

ELBRIDGE T. GERRY, *for Lucene Gunning, one of the two children of testator.*

CHAS. E. WHITEHEAD, *for Union Trust Co.*

W. A. W. STEWART, *for U. S. Trust Co., special guardian of infant child of testator.*          18

J. F. HARRISON, *for Mrs. Caroline Carman.*

F. F. VANDERVEER, *special guardian of four infant creditors of the estate.*

THE SURROGATE. — This is an application to settle the decree herein, and the allowances to the respective attorneys, and the counsel for Mrs. Gunning objects to any allowance to the attorneys as such, but claims that it should be made to the party as by the code, and that the allowance to be made, if made to the attorneys representing the guardians of the infant Richard F. Carman, should be but one allowance as though the infant were represented by but one guardian and one attorney, and that no allowance should be made to the special guardian because his appointment was unnecessary, the Trust Companies being the guardians of the infant's estate, and that whatever sum shall be allowed should be charged upon the interest of the infant, and not upon the body of the estate.

The counsel for Mrs. Gunning further objects to any allowance whatever being made to a special guardian who was appointed at the instance of the executor on this accounting to represent four infant creditors of the estate. He insists that as the decree can only provide that the moneys due these infants be kept invested by the executor until a general guardian be appointed to whom the moneys could be paid, the appointment of a special guardian was wholly unnecessary, did not affect the disposition of the fund, and ought not to subject the estate to expense.

Chapter 359, section 9 of the Laws of 1870, specially applicable to this court reads as follows:   "The

Surrogate of said county may grant allowances in lieu of costs, to counsel, in any proceeding before him, in the same manner as are now prescribed by the code of procedure in civil actions." By 3 *R. S.* 330 (6 *ed.*,) section 25, it is provided that in all cases of contest before a Surrogate's Court, such court may award costs to the party in the judgment of the court entitled thereto, to be paid either by the other party personally, or out of the estate which shall be the subject of such controversy.

In Noyes *v.* Children's Aid Society (70 *N. Y.*, 481), the Court of Appeals held that this section authorized the Surrogate to award costs to all the parties. The same case held that by the act of 1870, whenever the Surrogate's Court might award costs by the Revised Statutes, it might give an allowance to counsel instead of costs to the party. By the use of the word *counsel,* I have no doubt attorneys by whom parties appear is meant, as such appearance is provided for by section 2 of the same act.

I am quite clear that the allowances may be made to all the attorneys instead of to the parties.

In the case above cited, it was also held that the expression in the act of 1870, " in the same manner as are now prescribed by the code of procedure in civil actions," only fixed the maximum limit to the amount which may be allowed, and prescribed the process by which that amount may be arrived at.

It must be quite evident that " in the same manner" could not have been used as equivalent to " in the same cases or the same parties," for the same section provides for such allowances to *counsel* instead of

*party,* and "in any proceeding." This latter expression was doubtless used so as to cover cases where no contest is had, and as an enlargement of the scope of section 25 of 3 *R. S.* above cited, as well as to include as many proceedings as may be had.

I am quite clear that but one reasonable allowance should be made to the attorneys representing the interest of the infant Richard F. Carman, and that the amount should be properly apportioned. It certainly does not seem to be right that the interest of one infant should be represented by three separate attorneys at the expense of other parties, or even at its expense.

It is presumed, however, that the special guardian was appointed at the suggestion of the executors representing all parties interested in the estate as legatees, for abundant caution, and as neither the infant nor special guardian are chargeable for the appointment, and it was made for the supposed safety of the proceedings and the estate, the allowance to the special guardian as well as to the attorneys for the general guardians of the infant Richard F. Carman should be paid out of the body of the estate so long as the other allowances are to be charged to the same.

If an executor or administrator desires to have his account finally settled, he may apply to the Surrogate for a citation, requiring the creditors and next of kin of the deceased and the legatees, if there be any, to appear, &c. The statute (3 *R. S.,* 101, § 93) provides that minors shall be served with citation, and special guardians appointed.

It is therefore clear that, for the purpose of this

accounting, the minors must have been cited and served, and a special guardian appointed, and without it, the executors could not do their duty, or get their discharge.

Suppose the estate had been insufficient to pay all the claims, and the minors had not been made parties and a due proportion of their claim had been ordered, deposited or retained, the account would not have been final, and the minors by their guardian before their majority, and afterwards by themselves, might open the decree and accounting and contest it, alleging that the amount deposited or ordered distributed was too small.

But aside from this consideration, there can be no final accounting without citing the parties interested, and the failure to appoint a special guardian for a minor deprives the court of jurisdiction over such minor for any purpose except service of the citation. I am of the opinion that the appointment of the special guardian was not only proper but imperative.