ELIZABETH DOWN, APPELLANT, *v.* GEORGE J. McGOUR-KEY, JOHN R. FLANAGAN, AND EMMA DOWN, AS EXECUTORS AND EXECUTRIX OF AND TRUSTEES UNDER THE WILL OF SAMUEL DOWN, DECEASED, AND OTHERS, RESPONDENTS.

ELIZABETH DOWN, RESPONDENT, *v.* SAME, APPELLANTS.

*Additional allowance — amount awarded to the stenographer not a part thereof.*

In ascertaining whether the additional allowances granted by the surrogate of New York exceed the limit of $2,000 fixed by section 309 of the Code, an amount awarded to the court stenographer is not to be considered ; such amount is a disbursement in the case, and not in the nature of costs.

APPEAL of Elizabeth Down from a decree of the surrogate of New York, admitting the will of Samuel Down to probate, and also an appeal by George J. McGourkey, John R. Flanagan and Emma Down, as executors and trustees, and Emma Down, Charlotte Jane McGourkey and William H. Down, legatees, from an order granting an additional allowance to the proctor of the contestant.

*John McKeon,* for the contestant.

*Osborn E. Bright,* for the executors and others.

*Per Curiam :*

The will was properly admitted to probate. The evidence established to the satisfaction of the surrogate, and to our own, that the testator was competent to make the will, and that the same was not made under undue influence. The case presents simply questions of fact, and on the questions considered by him, we concur with the surrogate in his opinion. The decree, therefore, appealed from, admitting the will to probate, should be affirmed.

The surrogate allowed to the proctor for the contestants the sum of $1,500 in lieu of costs. The power of the surrogate to make allowances of this kind is limited by the Code (§ 309), and cannot in any case exceed in the aggregate, to any or all parties, the sum of $2,000. The aggregate of allowances in this case did exceed that sum; but $500 of the amount was awarded to the stenographer of the court for his services, and is, therefore, not obnoxious to the objection that the allowance was in excess of power. It was a disbursement in the case, and not in the nature of costs to the successful or defeated party. The question of the propriety of the allowance rests altogether in the discretion of this court, when brought before us by appeal, as was held by the Court of Appeals in *Noyes* v. *The Children's Aid Society* (70 N. Y., 481).

We have examined this case sufficiently to see that the contest as to the validity of this will was a reasonable one. The property was disposed of in such a manner as to lead, perhaps, to just suspicions that the testator had been affected by undue influence, or by an impairment of mental power by reason of his personal habits; and, under such circumstances, we do not feel called upon to interfere with the exercise of the discretion of the surrogate in making the allowance.

The order should be affirmed, without costs to either party.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Decree affirmed, without costs.    Order affirmed, without costs.