SARAH H. PECK, EXECUTRIX, &c., APPELLANT, *v.* ALPHEUS PECK AND OTHERS, RESPONDENTS.

*Probate of will—allowance of costs to unsuccessful contestants—2 R. S., 223,*
    § 10—*who are proper parties to an appeal from an order awarding costs.*

Upon an application made by the appellant, for the admission to probate of the will of her husband, by which he had given all his estate to her, and appointed her sole executrix, his brothers and sisters appeared and filed ob-

jections. The proctors for the contestants, after having cross-examined the witnesses, by whom the due execution and publication of the will was. proved, withdrew their objections, and the will was thereupon admitted to probate. Subsequently, the counsel for the contestants made an affidavit setting forth various matters, consisting chiefly of statements made to them by their clients, many of which were scandalous in their character, and alleged that, after an examination of the witnesses, they had induced their clients to withdraw from the contest, in the interest of equity and of the public morals. Upon this affidavit they applied for an allowance in lieu of costs, which was granted by the surrogate.

*Held,* that the surrogate had no power to award either costs or allowances in lieu thereof, as the case was not one " of a contest " within the meaning of section 10 of 2 R. S., 223, authorizing costs to be awarded in such cases.

That, even if the surrogate did have power to make an allowance, it was not a proper exercise of his discretion to grant one in this case.

That, as the allowance was directed to be paid to the proctors, they were properly made parties to the appeal taken by the executrix.

APPEAL from an order of the surrogate of New York directing allowances, in lieu of costs, to be paid to the respondent, Luke A. Lockwood, Esq., and to the respondents Dugro and Raegner, proctors.

*Charles M. Da Costa,* for the appellant.

*Dugro & Raegner,* for the respondents, Israel Peck, P. Henry Dugro and Louis C. Raegner.

*Luke A. Lockwood,* for Alpheus Peck and the remaining respondents.

DAVIS, P. J.:

The last will and testament of Zachary Peck, late of the city of New York, was presented to the surrogate for probate. The will devised and bequeathed all his estate to his wife, and nominated her sole executrix. The brothers and sisters of the testator appeared to contest the will, and filed objections to the probate thereof. Proof of the due execution and publication of the will was then made by the attesting witnesses, who were cross-examined by the proctors for the contestants; and, at the close of their testimony the counsel for the contestants withdrew their objections to the probate of the will, and the surrogate thereupon admitted the same to probate. Afterwards, the counsel, Messrs. Lockwood, Dugro

and Raegner made respectively, motions for an allowance to them in lieu of costs, based upon their own affidavits setting forth various matters consisting chiefly however, of the statements made to them by their respective clients, much of which was scandalous in its character, and alleging substantially, that, upon the examination of the witnesses on behalf of their clients they had come to the conclusion that sufficient legal evidence could not be offered to establish their alleged objections to the will and that, as Mr. Lockwood states, " in view of such lack of certainty and of the inevitable filthiness and scandal which a continuance of the contest must have developed, the counsel advised and the contestants consented to a withdrawal from the contest in the interest of equity and of the public morals, of the character of the living and the memory of the dead "; and, as Mr. Dugro states, " that it would be unjust, both to our clients and the court to proceed in this matter, after having fully compared the probable evidence on both sides in this matter."

In this regard the. proponent of the will presented her own affidavit, very emphatically denying the alleged scandalous matters ; and the affidavit of another person, tending to show that the objections to the probate of the will were not founded in good faith on the part of the brothers and sisters of the decedent. There is, probably, no reason to doubt that the counsel in the case, at the time the objections were filed, acted in good faith supposing that testimony which would justify the contest of the will could be produced ; but after the execution and publication of the will had been duly proved by the proponent, they came, doubtless with equal good faith, to the conclusion that there existed no substantial grounds of contest. Thereupon they withdrew the objections to the probate of the will, which had been filed. Upon such a state of facts there was, in our opinion, no contest of the will which brought the case within the provisions of the statutes authorizing the surrogate to award costs or allowances in all cases of a contest before surrogates' courts. (2 R. S., 223, § 10.)

It has been decided, both by this court and the Court of Appeals, that allowances to counsel, under section 9 of chapter 359 of the Laws of 1870, can only be made where costs could have been

awarded under the Revised Statutes. (*Noyes* v. *Children's Aid Society*, 10 Hun, 289 ; *S. C.*, 70 N. Y., 481.)

The words of the statute, " in all cases of a contest," mean something more than a mere formal appearance and filing of objections to the will. They mean an actual contest in the form of a trial upon the merits before the surrogate, and the production of evidence to sustain the objections, which puts the surrogate upon the duty of determining disputed and contested rights. Nothing of that kind existed here. Mere formal proofs were given to sustain the will, and then the contestants withdrew all objections and consented to the probate. If the surrogate had power, upon such a state of facts, to make an allowance under the statute, it was nevertheless, not a proper exercise of his discretion, in our judgment, to do so. " The power to make discretionary allowances is liable to abuse, and ought not to be extended by construction." (Per ANDREWS, J., *First National Bank* v. *Tamajo*, 77 N. Y., 476.) In *McLean* v. *Freeman* (70 N. Y., 80, 89), it is said, " Courts have no right to be liberal to suitors at the expense of the estates of decedents, or trust funds over which they have control. . . . It serves greatly to encourage contests of this character, to have it understood that they are attended with no pecuniary hazards ; but that let the judgment go as it may, all parties will be indemnified and counsel liberally paid from a common fund." To which the court might, with great propriety, have added, that the injustice is still more apparent where the fund or property is not a *common fund*, but concededly belongs wholly to the successful party.

In this case, if there can be said to have been any contest within the meaning of the statute, it was not one which should have been paid for to any extent by the executrix of the will, who was herself the devisee and legatee of all the property of the decedent. The parties came into court, in this case having no valid objection whatever to the will, and interposed a mere show of a defense in the form of various objections, which they immediately abandoned after causing much delay as soon as proof of the due execution of the will was made.

To encourage allowances to parties thus going through the mere shadow of a contest would open the door to wide abuse of the dis-

cretion of the surrogate. We are able to see nothing whatever in the scandalous matter set forth in the affidavits of the respective counsel to justify the surrogate in compensating them for refraining to contest the will. They should also, in our judgment, have refrained from spreading it upon the records of the court in the form of their own affidavits; and we think if the surrogate had properly exercised his discretion, he would have stricken the affidavits from the records, and denied the motion.

We agree altogether with the suggestion of the surrogate, made in his opinion, that this motion "very aptly illustrates the embarrassment growing out of the inquiry respecting the alleged good faith of a contest under the law as it now stands, and the wisdom of the law as it will stand after the 1st of September next, denying all allowances to unsuccessful contestants." But we are quite unable to concur with him that there was any such good faith in the pretense of a contest in this case, as justified taking a portion of the estate of the decedent to reward the counsel for refraining from prosecuting it. The power to make allowances in such cases to contestants having been wholly taken away by statute, further comment upon its liability to great abuse need not be made.

It is objected that the respondents, Lockwood, Dugro and Raegner, are improperly made parties to this appeal. They were counsel for the supposed contestants of the will, and the order of the surrogate directs the sum specified as allowances to be paid directly to them. This was in accordance with the form of the statute, which allows the surrogate to "make allowances to counsel in lieu of costs." The allowances being made in that form, these respondents were proper parties to the appeal. Their interests in the allowances were personal, and could not be discharged by a payment to their clients the other respondents. Hence they were proper parties on this appeal, and their objection on that ground is not well taken.

We think the order of the surrogate should be reversed, with costs.

BRADY and BARRETT, JJ., concurred.

Order reversed, with costs.