HENRY KEARNEY, Appellant, *v.* MATTHEW McKEON et al., Respondents.

In a proceeding instituted by an executor before a surrogate of the county of New York to establish a claim against the estate, the surrogate has power to order a reference, the referee to take the proof and report his conclusion for the action of the surrogate (§ 6, chap. 359, Laws of 1870).

In such a proceeding where the claim of the executor is successfully resisted, an allowance in lieu of costs may be awarded against him; and the allowance may be to the counsel (§ 9, chap. 359, Laws of 1870).

A question as to referees' fees is not properly brought before this court on appeal from a decision of General Term affirming the decree of the surrogate.

Where the case does not show the number of days employed, the allowance by the surrogate in the absence of the facts will be presumed to have been correctly made.

*It seems* that if an error in this respect is committed, it should be presented by motion for readjustment, indicating the alleged errors, and allowing the facts on which the surrogate acted to appear, or by procuring a return of such facts.

Claims withheld during the life of an alleged debtor, and sought to be enforced after his death, are always to be carefully scrutinized and only admitted upon satisfactory proof.

Where it appears that there was a subsequent dealing in which the pretended creditor was a debtor, and did not present his claim in diminution of the debt, distinct and definite proof will be required, and the clearest indications of honesty and fairness.

(Argued March 21, 1881 ; decided April 19, 1881.

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made November 6, 1879, which affirmed a decree of the surrogate of the county of New York, rejecting a claim of the appellant against the estate of Michael McKeon, of whose will the appellant was executor, and awarding costs against him.

The claim was for moneys of the executor alleged to have been in the hands of the testator and to have been loaned by him without authority; it was contested by the legatees under the will. The surrogate referred the matter to a referee to take the proof and report the same with his conclusion thereon. The referee reported against the claim. The surrogate confirmed the report, and decreed that the executor pay to the attorney for the legatees an allowance of $250, and also $225 for referee's fees.

Further facts appear in the opinion.

*Theron G. Strong* for appellant. The order of reference was not within the jurisdiction of the surrogate, and the proceedings under it were, therefore, void. (*Bearns* v. *Gould*, 77 N. Y. 455 ; 2 R. S. 88, § 36 ; amended, Laws 1859, chap. 261, § 2 ; *Kyle* v. *Kyle*, 67 N. Y. 401 ; *Bevan* v. *Cooper*, 72 id. 327 ; *Tucker* v. *Tucker*, 4 Keyes, 136 ; *Boughton* v. *Flint*, 74 N. Y. 476 ; Laws of 1870, chap. 359, § 6.) The surrogate

erred in awarding the certificate in favor of A. B. Tappen, the attorney, against Kearney personally, on which the judgment appealed from was entered. (*Shultz* v. *Pulver*, 3 Paige, 182; *S. C.,* 11 Wend. 363; *Reed* v. *Vanderheyden*, 5 Cow. 719; *Deven* v. *Patchin*, 26 N. Y. 441–449; *Noyes* v. *Children's Aid Soc.*, 70 id. 481; 2 R. S. 223, § 10; 3 id. [5th ed.] 367, § 25; Laws of 1870, chap. 359, § 9; *Reed* v. *Reed*, 52 N. Y. 651; *First Nat. Bk.* v. *Tamajo*, 77 id. 476; *Chase* v. *James*, 16 Hun, 14.)

*A. B. Tappen* for respondents. The promise on which the claim rests is void under the statute of frauds. (*Mallory* v. *Gillett*, 21 N. Y. 412; 3 R. S. [3d ed.] 221; 3 Kent's Com. [2d ed.] 123; 5 Hill, 483; Smith's Lead. Cas. 134.) By his accounting with Banta, Kearney, with full knowledge, ratified and adopted the transactions between McKeon and Banta, and such ratification was equivalent to an original authority to Mc-Keon to make the loans embraced in that accounting. (7 Hill, 128; 17 N. Y. 449; 19 id. 207; *Keeler* v. *Salisbury*, 33 id. 648; *Farmers' L. & T. Co.* v. *Walworth*, 1 Comst. 433.) When Kearney gave his own notes and obligations to McKeon, for money loaned him by McKeon, the presumption arose of an accounting and settlement between them, up to that time, of all demands between the parties. (*Luke* v. *Tyson*, 6 N. Y. 461; *Deforest* v. *Bloomingdale*, 5 Den. 304.) The authority of the surrogate to award costs against Kearney is statutory and ample. (3 R. S. [5th ed.] 367, tit. "Surrogates' Courts," par. 25. Also, act of 1870, chap. 359, § 9; *Down* v. *Mc-Gourkey*, 15 Hun, 444; 70 N. Y. 481.)

FINCH, J. We see no reason to doubt the jurisdiction of the surrogate in making the order of reference. The executor's claim against the estate, which he represented, could only become effective upon its proof and allowance by the surrogate, and the proceeding was instituted by the executor primarily for that purpose. (2 R. S. 88, § 33.) If the general authority permitting the surrogate upon an accounting of executors and

administrators to send the case to an auditor, for hearing the proofs and reporting his conclusions for the action of the surrogate (3 R. S. [6th ed.] 102, § 78), has no application to the proceeding for the proof of the executor's claim, separately from the general account and by itself, the necessary authority was, at least, conferred by a later statute. (Laws of 1870, chap. 359, § 6.)    That act, which related to the Surrogate's Court of the city of New York, authorized a reference in any accounting or any other proceeding in such court to take testimony, examine accounts, hear and determine all disputed claims, and other matters relating to such accounts, and make report thereon, subject to confirmation by the surrogate. These provisions are broad enough to cover the proceeding instituted by the executor to establish his claim.    If, as is objected, the order went further, and submitted to the referee, in addition to the claim of the executor, the demands of other creditors against the estate, it is enough to say that the latter were not acted upon, but dropped from the consideration of the referee, and that no such objection was in any manner taken on behalf of the executor, either when the order was granted, or at the hearing before the referee, or upon the confirmation by the surrogate.    The whole case came up before that officer upon the motion for confirmation, and he adjudged that the executor had no just claim against the estate.    We think the proceedings were regular. and the jurisdiction of the surrogate sufficiently apparent.

We have carefully examined the evidence given before the referee, and his opinion upon the general merits of the executor's claim.    We have also carefully reviewed the argument in his behalf presented on this appeal.    Our conclusion accords with that reached by the referee, confirmed by the surrogate, and concurred in by the General Term.    It is not necessary or proper to enter into a detailed discussion of the facts which involve somewhat complicated accounts and confused and doubtful transactions.    It is sufficient to refer generally to the very careful analysis of the referee, only adding, that claims withheld during the life of an alleged debtor, and

sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized, and admitted only upon very satisfactory proof; and when it further appears that a subsequent dealing existed in which the pretended creditor was to some extent a debtor, never once presenting his claims in reduction of his debt, the weight of suspicion becomes very great, and justifies a demand for distinct and definite proof, and the clearest indication of honesty and fairness. The facts and circumstances developed on the hearing impress us strongly with the conviction that no just debt existed, and that in this respect the case was correctly decided.

Some further questions were raised relating mainly to the allowance of costs. It is argued that, under the act of 1870, allowances in lieu of costs can only be given in cases where costs could have been awarded under the Revised Statutes. We have so held. (*Noyes* v. *Children's Aid Society*, 70 N. Y. 481.) It is then said that costs could not have been awarded in this proceeding under the Revised Statutes, because it is not a case of contest. (2 R. S. 223, § 10.) The section referred to provides that "in all cases of contest, before a Surrogate's Court, such court may award costs to the party in the judgment of the court entitled thereto." We can discover no reason why the claim of an executor or administrator to retain out of the assets a debt alleged to be due to him may not be the subject of a contest. In this particular case the claim of the executor was resisted, and with success. If the struggle to maintain it on the one hand, and defeat it on the other, was not in fact a contest, we fail to appreciate the plain meaning of that word. The case was evidently of a character which under the Revised Statutes would have warranted an award of costs, and, therefore, is one in which, under the act of 1870, an allowance in lieu of costs is permissible.

That the costs were imposed upon Kearney alone was inevitable, since he was the only defeated party. The other creditors practically withdrew from the reference, and the sole litigants were Kearney on the one side, and the resisting legatees on the other.

It is said that the allowance was too great. The act of 1870 puts it, as to amount, upon the same footing as in ordinary civil actions. In such case the allowance is not exceeding five per cent upon the amount of the claim, up to a certain limit. It is said here that such amount was only $4,044.06, and the allowance was $250. But that amount was the face of the claim as alleged to be due in November, 1871. More than five years of accrued interest was recoverable thereon, if the debt was established as alleged, so that the total claim litigated exceeded in amount $5,000, and the allowance, therefore, did not go beyond the power of the court.

The question raised as to referee's fees is not properly before us on this appeal. If any error was committed as to the amount allowed, it should have been pointed out by a motion for readjustment, indicating the alleged errors, and enabling all the facts on which the surrogate acted to appear, or by procuring a return of such facts. The printed case does not show how many days were actually employed by the referee in the business of the reference. To count the dates specified in the minutes which constitute the case does not at all answer the purpose. There may have been many days not noted therein, and we are totally in the dark as to the number of days occupied in the final argument of the case, and its careful and patient examination by the referee. We do not even know the rate of the charges in his bill, and although it is perhaps probable, from the stipulation on the minutes, that a greater than the statutory rate was charged, we do not and cannot know it as a fact. The allowance made by the surrogate, in the absence of the facts upon which it was founded, must be presumed to have been correctly made. The party alleging error was bound to move for a readjustment, or procure a return from the surrogate of the facts on which his allowance was founded. (*Hannahs* v. *Hannahs*, 5 Hun, 644.) We may review the decree of a surrogate granting allowances, so far at least as they do not depend upon his discretion (*Lain* v. *Lain*, 10 Paige, 191; *Noyes* v. *Children's Aid Soc.*, *supra*); but since affirmative error must be shown to justify a reversal, such review is idle

and useless, unless in some manner the facts upon which the surrogate acted are placed before us. In the case of *First National Bank* v. *Tamajo* (77 N. Y. 476), where we reviewed the allowance of referee's fees, the question came up on a motion for readjustment, which placed all the facts before us.

The objection is further taken that the allowance of costs should have been made to the prevailing party and not to the counsel. The act of 1870 appears to justify the practice pursued. It expressly permits an allowance to counsel. That was the form of the award in the case of *Noyes* v. *Children's Aid Society*, and its propriety was not doubted by this court.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.