GEORGE W. STEITZ, Appellant, *v.* MARY C. PRIDDIS and Others, as Executors, etc., of MARY J. SCOTT, Deceased, Respondents.

*Claims withheld during the life and presented after the death of the alleged debtor.*

Claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized and admitted only upon very satisfactory proof; and when it further appears that a subsequent dealing existed in which the pretended creditor was, to some extent, a debtor, never once presenting his claim in reduction of his debt, the weight of suspicion becomes very great and justifies a demand for distinct and definite proof, and the clearest indication of honesty and fairness.

APPEAL by the plaintiff, George W. Steitz, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 8th day of July, 1893, denying the plaintiff's motion to set aside the referee's report and for a new trial, and granting the defendants' motion to confirm the report of the referee.

*James S. Garlock*, for the appellant.

*Wilbur F. Osborn*, for the respondents.

LEWIS, J.:

This is a proceeding under the statute against the executors of the estate of Mary J. Scott to recover upon a promissory note bearing date May 14, 1886, made by the testatrix for the sum of $415, payable to the order of the plaintiff three months after date, at the Flower City National Bank, Rochester.

The testatrix died February 7, 1889. The defendants are the executors of her will. The plaintiff formally presented the claim to the defendants on May 1, 1891. It was rejected. The claim was duly referred under the statute. The referee reported that the note was settled and paid prior to the death of the testatrix, and that the defendants were entitled to a judgment dismissing the plaintiff's complaint. The referee's report was duly confirmed. No question was raised, upon the trial, as to the making and delivery of the note.

The plaintiff relied, to sustain his claim, upon the presumption of non-payment arising from his having possession of the note.

The referee found, as facts, to which no exceptions were taken by the plaintiff, that after the maturity of the note in suit, and on January 5, 1887, the testatrix sold and conveyed to the plaintiff some real estate in the city of Rochester for the nominal consideration expressed in the deed of one dollar.

The conveyance was subject to a mortgage of $7,500 given by the testatrix to the Mechanics' Savings Bank, which the plaintiff assumed and agreed to pay, with interest, from December 1, 1886.

The plaintiff executed and delivered to the testatrix, as a part of the purchase price of said premises, three promissory notes of $500 each, and one of $400, payable to the order of the testatrix at the Flower City National Bank of Rochester, maturing in three, six, nine and twelve months from their respective dates, with interest at five per cent. On said fifth day of January the plaintiff made and delivered to the testatrix a due bill for $100, to be paid to the plaintiff in case a tax upon the property was made a general tax of the city. The note in suit was never presented to the bank at which it was made payable for payment, neither was it ever discounted.

The testatrix, on September 8, 1886, gave to the plaintiff her note for sixty dollars ; this note was merged in a larger one, which latter note was paid on the day of the real estate conveyance, by being applied on the purchase price of the property.

The testatrix procured the three $500 notes mentioned to be discounted, for the reason that she needed the money to use.

The referee also found that in the latter part of 1885 or the forepart of 1886 the testatrix settled and paid a note held by the plaintiff; that the plaintiff did not surrender the note for the reason that he did not have it with him at the time, but promised to mail it to the testatrix. This was not the note in suit.

The referee did not find what consideration the plaintiff paid for the real estate purchased of the testatrix. He did find, however, that about three years after the plaintiff purchased the property he sold the south half of it for the sum of $10,000.

There was some evidence tending to show that the consideration that the plaintiff agreed to pay for the property was $13,000.

From these facts the referee found that the note was paid during the lifetime of the testatrix, and his conclusion, we think, was fully sustained by the evidence.

The note in suit was over four months past due at the time of the land transaction. The note given to take up the testatrix's note of sixty dollars was surrendered and paid by deducting the amount of it from the purchase price of the land.

It is quite improbable that the testatrix would allow the plaintiff to retain her past due note drawing six per cent interest and take his notes for a much larger sum drawing but five per cent interest.

If, as the evidence tends to show, the purchase price of the land was $13,000, there was a large balance due from the plaintiff to the testatrix after deducting from the purchase price the mortgage for $7,500 and the notes mentioned, amounting to about $2,000, and no reason is suggested by the plaintiff for such an unusual and unnatural transaction as to allow him to retain the note in question under such circumstances.

In the absence of any explanatory evidence the presumption is practically irresistible that the amount of the note, if it had not already been paid, must have been deducted from the purchase price of the land.

There was evidence tending to show that the plaintiff, very soon after the death of the testatrix, was in need of money and applied to his grantee of the one-half of the premises for an advance payment upon the purchase price. The testatrix was entirely responsible and able to pay the note at any time during her life. She lived over two years after the conveyance of the premises mentioned to the plaintiff; the note during all this time was held by the plaintiff and was past due, and it is quite remarkable if he failed to collect either the principal or interest during that time. The strong presumption of payment raised by the defendant's evidence the plaintiff failed to meet.

Claims presented after death of one of the parties to the transaction call for careful scrutiny.

The following wholesome rule was laid down in *Kearney* v. *McKeon* (85 N. Y. 139) for the guidance of courts in such cases: " Claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized and admitted only upon very satisfactory proof, and when it further appears that a subsequent dealing existed in which the pretended creditor was, to some extent,

a debtor, never once presenting his claims, in reduction of his debt, the weight of suspicion becomes very great and justifies a demand for distinct and definite proof, and the clearest indication of honesty and fairness."

The orders appealed from should be affirmed, with costs.