CROFT v. HAIGHT et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. REFUSAL OF NONSUIT—REVIEW—EVIDENCE.
    Where a motion for a nonsuit is made at the close of plaintiff's evidence,
    and the motion is overruled, the propriety of the ruling will be reviewed
    in the light of subsequent evidence introduced by defendant.

2. LIMITATIONS—WORK AND MATERIALS—PERIOD OF CONSTRUCTION—EVIDENCE
    —SUFFICIENCY.
    Where, in an action for labor and materials furnished in the erection of
    a house, defendant's evidence shows that the house was substantially
    completed more than eight years before action, and plaintiff's evidence
    shows that the foundation had been painted, alterations made in the win-
    dow caps, and other trifling repairs had been made within that time, and
    that the house was still without window blinds, such evidence is insufficient
    to support plaintiff's claim that the construction continued down to the
    commencement of the suit; and it was error to overrule defendant's mo-
    tion for a nonsuit, based on the insufficiency of the evidence to avoid the
    bar of limitations.

Appeal from judgment on report of referee.

Action by John J. Croft against Cyrus J. Haight and Isaac S. Haight, as executors of the last will and testament of Cornelius J. Haight, deceased. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Fred E. Ackerman, for appellants.
Eugene B. Travis, for respondent.

WOODWARD, J. This action was brought to recover for work, labor, and materials alleged to have been furnished by the plaintiff in the construction of a house upon the farm of Cornelius J. Haight, deceased, at his request, during his lifetime. At the close of the plaintiff's evidence, defendants' counsel moved to dismiss the complaint upon the ground that the action "being for work, labor, and services performed, and for material furnished, there is no evidence that any material was furnished, or that any work was performed, or labor and services were performed, or of their value." This motion was denied, and defendants excepted. The motion was renewed at the close of the evidence, further grounds being specified. There was no evidence in the case at the close of plaintiff's proof which supported the cause of action alleged in the complaint, but the rule appears to be well established that the propriety of a nonsuit must be regarded as though the motion for it had been made at the close of the case; the additional evidence after its denial being taken into account. Tiffany v. St. John, 65 N. Y. 314; Painton v. Railway Co., 83 N. Y. 7; Bank v. Pfeiffer, 108 N. Y. 242, 15 N. E. 311. As there was some evidence brought out by the defendants in support of the allegations of the complaint, it is necessary to consider the case more in detail.

The plaintiff in this action married the daughter of Cornelius J. Haight some time about 1879 or 1880, and soon afterwards went to

live upon a farm known as the "Gallows Hill Farm," owned by the said Haight. The house upon the farm appears to have been unsuited to the purposes of its occupants, and in 1889 the plaintiff began the work of constructing a new house. It is not pretended that there was any express contract between the plaintiff and Mr. Haight, his father-in-law, who lived some miles distant from the farm; but an implied contract is attempted to be established by the fact that Mr. Haight knew of the construction, and that he was present at one time, and made some suggestions to a laborer who was putting in the foundation as to the proper manner of fixing an opening to the cellar. The house was completed substantially in the year 1890, and plaintiff's family moved in and have since occupied the premises, and, so far as the evidence shows, have paid nothing for the use of the farm, with the exception of the taxes. In January, 1898, Mr. Haight departed this life, leaving a last will and testament, in which the defendants were named as his executors. The will was admitted to probate, and the defendants qualified as executors. By the terms of this will the plaintiff was given the Gallows Hill farm, together with the rents, profits, and issues of the same, until plaintiff's youngest son should reach the age of 21 years, when the property was to go to the three sons of the plaintiff. The plaintiff is now occupying the farm under the provisions of this will, and he seeks to charge the estate which is to descend to his children with the cost of constructing the house which he built, and which he has occupied for a number of years.

Defendants, in their answer to the complaint (the action being brought upon a refusal of the defendants to pay the claim presented), set up the statute of limitations; and (for the purpose of avoiding this provision of law, it may be assumed) the plaintiff alleges in his complaint that he "commenced to erect a dwelling house on defendants' farm, and of which he died seised and possessed, in the year 1889, which work, more or less, continued from that time down to 1898, and consisted in furnishing about all the materials for and the labor upon said house, and that the reasonable value therefor was at least two thousand dollars, for which this plaintiff has not been paid." The evidence in support of the allegation that the work of constructing this house had continued, more or less, from 1889 to 1898, consisted principally of testimony of witnesses that they had put paint on the foundation, made some little alterations in the caps over the windows, and other trifling matters, which form no part of the work of construction, in any proper sense, but which are in the nature of repairs incident to all houses. The plaintiff himself swears that the house is not now complete, because it has no blinds at the windows. On the contrary, a reluctant witness produced by the defendants, and who had the contract for the work of constructing the building, swears that the house was substantially completed in April, 1890, and that the plaintiff moved his family into the building immediately after it was turned over to the plaintiff, after an inspection of the house. If the plaintiff ever had any legal right to collect of Mr. Haight for the work and materials used in the construction of the house in question, that right accrued

upon the substantial completion of the house, and upon its acceptance and occupancy by the plaintiff in 1890. Mr. Haight lived until January, 1898, but there is nothing in the case to indicate that there was ever any suggestion on the part of the plaintiff that Mr. Haight owed him anything. This case calls for the application of the rule that claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized, and admitted only upon very satisfactory proof. Kearney v. McKeon, 85 N. Y. 136, 139. The effort of the plaintiff to avoid the operation of the statute of limitations by proof of repairs made upon the house, and which are not shown to have been made either with the knowledge or consent of Mr. Haight, who does not appear from the evidence to have been upon the premises or in the neighborhood after the 10th day of January, 1890, is entirely inadequate for the purpose. The statute of limitations having been pleaded, the burden was upon the plaintiff to show that the case was excepted from the statutory bar; and, the only possible connection of Mr. Haight with the construction of the house from which a contract may be implied being more than six years removed from the date of his death, the plaintiff has failed to meet this requirement of the law, and the complaint should have been dismissed upon the motion made at the close of the evidence.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.