(105 App. Div. 219.)

## MAISENHELDER v. CRISPELL.

(Supreme Court, Appellate Division, Third Department.   May 3, 1905.)

1. DECEDENT'S ESTATE—CLAIMS—EVIDENCE—SUFFICIENCY.

The payment of a claim against a decedent's estate cannot be sanctioned except on clear and satisfactory proof.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 903.]

2. SAME—PROMISE TO PAY—EXTRA COMPENSATION.

In a proceeding to establish a claim against a decedent's estate for services in shaving deceased in his lifetime, and similar services, evidence *held* insufficient to establish a promise on deceased's part to pay claimant anything more than the sums paid him at the time the services were rendered.

Appeal from Judgment on Report of Referee.

Claim by Charles Maisenhelder against Charles W. Crispell, as executor of the estate of Charles W. Cornell, deceased. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See 73 N. Y. Supp. 32.

Charles W. Cornell died on the 9th day of May, 1898, and the defendant is the executor of his will. The plaintiff filed a claim against the deceased for services rendered to him in waiting upon him and assisting him to dress on 757 days at 75 cents a day. The claim was rejected by the defendant, and the same was duly referred under the statute to a referee to hear and determine. The referee has found that the plaintiff, at the request of the deceased, from the 20th day of February, 1895, to the 1st day of September, 1897, performed services for said deceased on 757 days in lacing his shoes, putting on his stockings, cuffs, necktie, and collar, and in brushing his clothes, and in otherwise assisting him to dress, and in attending him; that such services so performed were reasonably worth the sum of 25 cents a day, and that no part thereof has been paid. He reported in favor of judgment for the plaintiff for $189.25 damages, besides costs. From the judgment entered thereupon this appeal is taken. The judgment for costs was afterwards modified by stipulation by deducting therefrom the costs as taxed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

V. B. Van Wagonen, for appellant.

Roscoe Irwin, for respondent.

CHESTER, J.   The proof shows that the plaintiff was a barber employed by one Lowerhouse at his barbershop in the Mansion House in the city of Kingston, at which house Cornell lived during all the time in question and until he died; that plaintiff was employed by the deceased to shave him daily, including Sundays, at his room in the Mansion House; and that at the time of shaving him he aided him in lacing his shoes, putting on his stockings, assisting him with his cuffs, necktie, and collar, and in brushing his clothes. The proof also shows that Cornell paid the plaintiff daily during all this time the sum of 25 cents, except on Sunday, when the plaintiff was paid by Cornell the sum of $1; that plaintiff paid the 25 cents daily to his employer, Lowerhouse, but retained the dollar paid to him on Sundays as his own. The proof also shows that these services were rendered in the morning of each day, and required from 15 minutes to a half an hour in their performance, and

that the time required for shaving was from 15 to 20 minutes. The claim of the plaintiff was never presented to the deceased in his lifetime. This fact alone casts suspicion upon the validity of the claim, and the court cannot sanction its payment, except upon satisfactory proof of its validity. Kearney v. McKeon, 85 N. Y. 136, at 141. There is no proof and no finding that the plaintiff ever promised to pay for these alleged extra services. There is some proof that Cornell felt kindly towards the plaintiff, and that he said he didn't know what he would have done without him, and that he was going to start him in business for himself in a barber shop. And one witness testified that Cornell said he was going to start plaintiff in business for himself for what he had done for him. But all this comes far short of a promise to pay the plaintiff for these services as extra services, and this testimony is not sufficient from which such a promise can be implied. At the most it merely showed a friendly interest in the plaintiff, and that the kindly disposition of the deceased towards him was such that he would be pleased to aid him in starting business on his own account, if the opportunity offered. The facts that the plaintiff was paid at the conclusion of all the services rendered the deceased each week day a specified amount, which was given to his employer, and that on each Sunday Cornell paid the plaintiff an extra or larger compensation for like services, which the plaintiff retained as his own, shows very clearly that Cornell thought he was paying daily for all the services rendered, and negatives the idea that any portion of such services rendered were regarded by either party as extra services. This is especially so in view of the fact that there is no proof that there was any special or extra compensation agreed upon at the time for any of these services as extra work, and the case comes far short of being supported by that clear and satisfactory proof which is required in cases of this character to justify a recovery.

The judgment should, for these reasons, be reversed on the law and on the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.