In the Matter of HARRIS MOTORS, INC., et al., Petitioners, against WILLIAM KLAPP, a City Magistrate of the City of New York, Presiding in the War Emergency Court of the Borough of Manhattan, et al., Respondents.

Supreme Court, Special Term, New York County, September 23, 1946.

*Abraham Kaplan* for petitioners.

*John J. Bennett, Corporation Counsel* (*Daniel Rosen, James F. Thornton* and *Joseph J. Lucchi* of counsel), for respondents.

*Kenneth V. Fisher, Regional Litigation Attorney* (*Franklyn M. Stone* and *William Sardel* of counsel), for Office of Price Administration, *amicus curiæ.*

BOTEIN, J. Petitioners are charged in a City Magistrate's Court with an offense against section U41–4.0 of the Administrative Code of the City of New York, known as the Sharkey Act, in selling an automobile over Office of Price Administration " ceiling " price. They have applied for an order in the nature of prohibition, pursuant to article 78 of the Civil Practice Act, to restrain all further proceedings upon this charge.

Petitioners assert, as the basis for relief, that the section of the Administrative Code which they are charged with violating expired on June 30, 1946. The reasoning by which they

arrive at this conclusion is as follows: The section in question was added by Local Laws No. 34 of 1945 of the City of New York, which provides that it (subd. g) " shall remain in force and effect as long as the acts of the Congress of the United States, under the authority of which such price regulations, price schedules and orders and rationing orders are issued, shall remain in force and effect." When this local law was enacted the acts of Congress which were then effective were the Emergency Price Control Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), and the Stabilization Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 961 *et seq.*). Both of these Federal statutes terminated on June 30, 1946. A statutory hiatus in price control thereafter existed, from June 30, 1946, until July 25, 1946, when the Price Control Extension Act of 1946 (Public Law 548, 79th Cong., 2d Sess.) became law. The petitioners' argument is, therefore, that the local Administrative Code section, under which they stand accused, is limited in duration by its reference to " the acts of the Congress of the United States "; that the acts referred to were the then existent Emergency Price Control Act of 1942 and the Stabilization Act of 1942, both as amended; that with the expiration of these Federal acts on June 30, 1946, the lifeline of the dependent local laws was severed, and they likewise expired.

This construction of the code section is untenable. The local law which adopted the code provision (Local Laws, 1945, No. 34 of City of New York) declares it the policy of the city " to cooperate with the price, rationing and rent control programs of the government of the United States of America " and makes it unlawful to violate any maximum price regulation or order of the Office of Price Administration of the United States of America. When the local law was adopted on July 29, 1945, hostilities had not yet ceased, and there was every indication that price control would be continued beyond the extended termination date of the applicable acts of Congress. It is immaterial what form the acts of Congress assumed in extending price control; whether it was by extension of the previous statutes; or, as transpired, by passage of a new act which carried on the regulations, orders, price schedules and requirements under the old acts, to take effect as of the expiration date of the old acts with the same force as if the new act had been enacted as of the date of the termination of the old (Price Control Extension Act of 1946, § 18). Either constituted an act of the Congress under which price control was to be main-

tained. So long as such control was in force and effect, the implementing legislation adopted by the enactment of the local law (Local Laws, 1945, No. 34 of City of New York) would also continue to remain effective.

The employment of the definite article " the " preceding the words " acts of the congress ", in the local law in question rather than the word " any ", does not militate against this conclusion. The word " the " does not necessarily connote present existence, thereby excluding any subsequently enacted Federal legislation, as the petitioners contend. It is broad enough to include subsequently enacted Federal legislation, when considered in the full context of the policy of the local law and the sphere of its intended application (*Noyes* v. *Children's Aid Society,* 70 N. Y. 481, 484).

A reading of the entire Sharkey Act clearly evidences the intent of the New York City Council that it remain in full force as long as *any* acts of Congress relating to price rationing programs are effective. Had the City Council intended a Siamese coupling of the Sharkey Act with the two then existent acts of Congress, so that the one could not survive the others, it would have specified the latter by title, rather than made an all-embracing reference to " the acts of the congress ".

Viewed in its aspect most unfavorable to the respondents, the local law is a type of " conditional legislation " dependent upon the effectiveness of governing Federal acts. There is no prohibition against the enactment of a statute " in such form that it shall have no effect until the happening of some other future event, either certain or uncertain." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 43.)

Concluding, therefore, that the local law which adopted section U41–4.0 of the Administrative Code of the City of New York was effective on August 5, 1946, and thereafter, the City Magistrate's Court is vested with jurisdiction of the charge against petitioners, whose application to restrain the proceedings against them is accordingly denied. Settle order.