WEIDMAN v. THOMPSON.

(Supreme Court, Appellate Division, Third Department.  June 28, 1900.)

1. EXPERT TESTIMONY—NONPROFESSIONAL SERVICES—EXPERT'S EVIDENCE AS TO VALUE—COMPETENCY.

A trained nurse was not competent to testify as an expert to the value of household services, and attendance on a sick person as an incident thereto, performed by one who was not a trained nurse.

2. SAME—SERVICES OF NURSE—VALUE—EVIDENCE.

On an issue as to the value of household services, and the care of a sick person as an incident thereto, performed by one not a trained nurse, a trained nurse testified, as an expert, that she did not know the value of household services; that the value of plaintiff's services if performed by a trained nurse would be from $15 to $18 per week, but if performed by one not a trained nurse they would not be worth so much.  She then testified that if such services were performed by one not a trained nurse they would be worth $15 a week.  Another nurse having had 10 years' experience, but not having graduated as a nurse, testified that such services were worth $15.  A witness for defendant, with 18 years' experience as a nurse, testified that such services were worth $3.50 per week.  *Held*, that such evidence was insufficient to support a finding of a referee that the services were worth $10 a week.

3. SAME—EXECUTORS AND ADMINISTRATORS—CLAIMS—STALE DEMAND—ESTOPPEL.

Plaintiff performed services as a domestic and nurse to defendant's testatrix, terminating June 14, 1895.  She never presented a claim therefor to testatrix prior to her death, which occurred June 17, 1898.  On April 2, 1897, plaintiff wrote defendant's testatrix acknowledging "things you sent," and stating that plaintiff's son would pay defendant's testatrix money he owed her, but made no reference to a claim for such services.  *Held*, that her acts amounted to an estoppel to assert a claim for such services after testatrix's death, and a finding in favor of plaintiff was erroneous.

Appeal from judgment on report of referee.

Action by Orcelia Weidman against John Thompson, executor of the estate of Betsey Eldridge, deceased, to recover for domestic services.  From a judgment in favor of plaintiff entered on the report of a referee, defendant appeals.  Reversed.

Upon January 17, 1898, Betsey Eldridge died, leaving a last will and testament by which this defendant was appointed her executor.  From about the 1st of March, 1895, to about the 14th day of June, 1895, this plaintiff worked for and attended the defendant's testatrix, and here makes claim for the value of the services there rendered.  The justice of the claim was doubted, and the matter was referred to a referee approved by the surrogate.  The report of the referee awarded to the plaintiff the sum of $10 per week for the 15 weeks which she was found to have attended the defendant's testatrix, making the sum of $150.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

McDonough & Daley, for appellant.
George Addington, for respondent.

SMITH, J.  To determine the extent of her recovery, the plaintiff was required to show the value of her services.  Mary McNally, who had been graduated as a trained nurse, was called to testify to such value.  She was first asked her opinion of the value of such services,

basing it upon what she heard the witnesses testify. The evidence was allowed, under defendant's objection and exception, and she then swore that the value was $18, or, at the cheapest, $15. This was afterwards stricken out by the referee as incompetent. By a hypothetical question, assuming the services claimed by the plaintiff to have been rendered, the witness was asked her judgment of the worth of those services. This was objected to by the defendant upon several grounds, among which was that the witness was "not competent to testify to those services referred to in the question." The objection was overruled, and, over defendant's exception, she testified that the services were worth $15 per week. One other witness was called in behalf of the plaintiff, to wit, one Ella E. H. Hanny, who had been engaged in nursing for 10 years, but had not been graduated as a trained nurse. She was asked the value of the services rendered which were specified in the hypothetical question. Her evidence was objected to upon the ground that she was not competent to testify. The objection was overruled, and, over defendant's exception, she testified that the services were worth at least $15 a week. Upon the part of the defendant one witness was sworn as to value. She had acted as a nurse for 18 years. Upon the same assumed facts upon which the plaintiff's witnesses testified, she put the value at $12 a month, or $3 a week, and, if washing and ironing were included, she would make it $3.50 per week. Upon this testimony the referee has found the value of the plaintiff's services to have been $10 per week.

The testimony of Mary McNally is most unsatisfactory. She has sworn that she did not know the value of household services, as washing and ironing. At folio 92 she swears that the compensation of $15 or $18 was compensation for a trained nurse, and that one who was not a trained nurse at all was not entitled to the same compensation. Upon her redirect examination she swore directly to the contrary; that she estimated the services of the plaintiff at $18 a week, having in mind that she was not a trained nurse. By common experience we know that services of a domestic, who adds some ordinary care to a sick person, are not such skilled services as are to be measured by special compensation. It is clear that the services sworn to be worth $15 a week are such services when rendered by a skilled nurse. No evidence appears in the case that this plaintiff has ever had any experience in nursing, or that she had any such knowledge as would entitle her to any special compensation to which the ordinary domestic would not be entitled. Neither the witness McNally nor the witness Hanny qualified herself to testify as to the value of those services rendered. The fact that they had had long experience in nursing, and perhaps knew the value of the services of nurses of their own classes, does not necessarily qualify them to testify to the value of services of a domestic without any experience whatever as a nurse, who notwithstanding attends somewhat to a member of the household. The objection that these witnesses were not competent to testify to such value should have been sustained. Were it otherwise, in the light of common experience the evidence is not sufficient to sustain the conclusion of the referee.

Upon the merits, also, we are of the opinion that the plaintiff has not satisfactorily proven her claim. In Kearney v. McKeon, 85 N. Y. 139, it is held that "claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized, and admitted only upon very satisfactory proof." This rule we think a salutary one, and applicable to the case at bar. These services ended upon the 14th day of June, 1895. The defendant's testatrix died upon the 17th day of January, 1898. It does not appear that any claim whatever was made prior to her death. In a letter written by the plaintiff to defendant's testatrix upon April 2, 1897, she acknowledges the receipt of "things you sent," and writes, referring to her son: "I think it is a good place, and I hope he will stay. He has to stay a month before he gets his pay, so he has not received any money yet, and I wrote him when he got his pay he must pay you." Her urging her son to pay defendant's testatrix moneys which he was owing her, without mention of her own claim, strongly discredits the claim she now makes that at that time the deceased was in her debt for services rendered more than two years prior thereto. For these reasons we think the learned referee erred in his conclusion, that the plaintiff was entitled to a judgment.

Judgment reversed on law and facts, referee discharged, and new trial granted, with costs of appeal to the appellant to abide the event. All concur.