LILLIAN LIGGINS, Respondent, v. ARTHUR W. CORSE, as Executor, etc., of JOHN CORSE, Deceased, Appellant. GEORGIA RANDALL, Respondent, v. ARTHUR W. CORSE, as Executor, etc., of JOHN CORSE, Deceased, Appellant.— In an action to recover from a decedent's estate compensation for services rendered to him by the plaintiffs during about thirteen years before he died, an agreement to pay such compensation was established by evidence of which the weight and sufficiency were for the jury to determine. The verdict for plaintiffs is supported by evidence; and there was no exception to the charge submitting the questions to the jury. Other questions raised on this appeal were likewise not the subject of exception, or for further instructions to the jury. There was no specific proof of the value of the services of plaintiffs, but it appeared that, in conformity with his promise, the testator in his lifetime had turned over property to the plaintiffs, apparently intended for payment. These different properties the defendant recaptured in legal proceedings and otherwise on the theory that they were not completed legal gifts. The court charged that the jury might fix the reasonable value of the services from the evidence; and to this there was no exception or request to charge otherwise. We think this became the law of the case. Judgments and orders denying new trial affirmed, with one bill of costs. Hagarty, Davis, Adel and Taylor, JJ., concur; Close, J., dissents and votes for reversal and a new trial, with

the following memorandum: I dissent upon the ground that the evidence is not of the character or quality required to prove contracts of the kind here involved (*O'Brien* v. *Foley*, 150 App. Div. 257; *Hamlin* v. *Stevens*, 177 N. Y. 39), and upon the further ground that there was no evidence upon which a jury could base its verdict of the reasonable value of the services performed by either plaintiff. The action was upon a *quantum meruit*, and the rule is that a plaintiff cannot recover in such a case without proof of the reasonable value of his services. (*Weidman* v. *Thompson*, 53 App. Div. 22.) This failure in the proof was called to the attention of the court when motions were made to dismiss the complaint both at the close of the plaintiffs' case and at the close of the whole case. The motions, based on that ground, were denied and exception taken. It was not necessary, therefore, to take, thereafter, an exception to the submission of that question to the jury.