MATHEW CLAWSON
v.
ESTATE OF SARAH G. MOORE.

*Administration—Claim for Board—Evidence.*

This court, upon a review of the evidence, sustains the judgment of the
court below, that it does not support a claim against an estate for the board
and care of the deceased, who was the mother of the claimant's wife and
resided in his family for a number of years prior to her death.

Clawson v. Moore.

[Opinion filed November 30, 1888.]

IN ERROR to the Circuit Court of DeWitt County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. GRAHAM & MONSON, for appellant.

Express contracts to make compensation for services performed or board furnished between members of one family, particularly if the relation of parent and child exists, will be good; and in special circumstances not differing greatly, an agreement to pay will be implied. Bishop on Contracts, enlarged edition, p. 224, Sec. 223; Ensey v. Hines, 30 Kan. 704; Morton v. Rainey, 82 Ill. 215; Freeman et al., Adm'rs, v. Freeman, 65 Ill. 106; Warren v. Warren, 105 Ill. 569.

Where services are rendered under promise to make a will in one's favor, an action at law may, after the party dies without fulfilling his promise, be maintained against his estate to recover the value of his services. Bishop on Contracts, enlarged edition, p. 227, Sec. 224; Shakespeare v. Markham, 10 Hun, 311, 312; Eagen v. Kergill, 1 Den. 464; Taylor v. Wood, 4 Lea, 504; Frost v. Farr, 53 Ind. 390, 392; Martin v. Wright, 13 Wend. 460; Warren v. Warren, 105 Ill. 569.

Mr. WILLIAM BOOTH, for appellee.

Where services are voluntarily rendered or support furnished by those near of kin or by those sustaining near family relations, whether blood kin or not, the law will imply no contract for compensation, and unless an express contract to pay is shown in such case no recovery can be had. Falloon v. McIntyre et al., 118 Ill. 292; Hall v. Finch, 29 Wis. 278; Sweres v. Parsons, 5 W. & S. 357; Duffy v. Duffy, 44 Pa. St. 399; Scully v. Scully, 28 Iowa, 548; Meyer v. Malcom, 20 Ill. 621; Schwartz v. Schwartz, 26 Ill. 81; Mowbry v. Mowbry, 64 Ill. 382; Bird v. Lockwood, 33 Ill. 212; Meyers v. Temme, 72 Ill. 574; Griffin v. Bank, 14 Ill. 259.

The fact that no charge was made or bill presented for the board of Sarah G. Moore, the deceased, for eighteen years, would rebut any legal presumption that might otherwise arise

of an agreement to pay.  Falloon v. McIntyre, 118 Ill. 292;
Hall v. Finch, 29 Wis. 278; Eitel v. Walter, 2 Ill. App. 287;
Insurance Co. v. Bloodgood, 4 Wend. 652.

Evidence to prove express promises in cases where the
family relation exists must be direct, clear and positive.
Loose declarations made to others or some to claimant himself
will not answer.  That which is only an expression of inten-
tion is inadequate for the purpose.  Hall v. Finch, 29 Wis.
279;  Duffy v. Duffy, 44 Pa. St. 402; Bash v. Bash, 9 Pa. St.
260 ; Candor's Appeal, 5 Watts & S. 513.

*Per Curiam.*  The question arising in this case is whether
there is sufficient evidence to support the claim made by the
appellant against the estate of Sarah G. Moore for board and
care during the later years of her life.  The deceased was the
mother of the wife of appellant, and had resided with the
family of appellant during the period of eighteen years pre-
ceding her death, which occurred in her eightieth year.  She
was in poor health the greater part of the time, and not able
to do anything.  She owned twenty acres of land, the rent of
which she always collected and appropriated to her own use.

During four or five years preceding her death appellant
occupied this land and paid the rent to her as any other tenant
would have done.  It appeared from the proof that she said
several times that appellant and his wife had been kind to
her, and she supposed when she died she would give them
the land; that they ought to have it; that the daughter,
appellant's wife, ought to have it.  On one of these occasions,
about four years before her death, appellant was present and
heard her make such statement.  She made no disposition of
her property by will, nor does it in any way appear that she
was urged to make such or any other disposition by appellant,
or that she attempted to do so, aside from the fact that a short
time before her death she expressed a desire to settle up her
affairs, and requested a justice of the peace to be sent for; but
it does not appear what she wanted to do or whether the jus-
tice of the peace received any directions from her in regard to
the settlement of her affairs.

Clawson v. Moore.

In all this there was no express promise to pay for the board and care she received from appellant, nor can we say that there is such a state of proof as to justify the conclusion that the parties were intending on the one hand to pay and on the other hand to receive pay for what was done. The most that can be said of it is that she accepted the care and attention usually bestowed by children upon aged parents, and that on several occasions she expressed her sense of satisfaction at the treatment she so received and her purpose of rewarding her daughter and appellant, or her daughter, for what they had done for her. She did not carry out this purpose, nor did she attempt to do so, nor did they ever request or suggest a wish that she should. It does not appear that the course of things differed in any substantial degree during the last years of her life from that of the former years when she was living with appellant, and yet it was only during the later years that she used the expressions above referred to which are relied upon to support appellant's claim.

She did not seem to feel under obligation to do otherwise than as she might see fit in the matter of compensating appellant or his wife, nor did they assert anything whatever upon the point. We are inclined to agree with the Circuit Court that the appellant's claim is not supported by the proof.

As to the proposition of law submitted to the court to be held, the court committed no error. The evidence did not support its assumption of fact that the appellant relied upon the transfer of the twenty acres as compensation for said board and care. For this reason if for no other, it was properly rejected.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*