## 8071

### MORGAN & AUSTIN v. MOORHEAD.

1. APPEAL.—Findings by master in a law case referred by consent supported by evidence are accepted as final.

2. EVIDENCE—PLEADING—PRINCIPAL AND AGENT.—Under a complaint for goods sold and delivered, it is competent to show that defendant bought the goods through his agent, whose act he ratified and for whose purchases he promised to pay without allegations that plaintiff relied on such agreement.

Before GAGE, J., Greenville, April, 1911.   Affirmed.

Action by Morgan & Austin against W. L. Moorhead. Defendant appeals.

*Mr. Wm. G. Sirrine,* for appellant, cites: *Amendment came too late:* 81 S. C. 574; 21 S. C. 221; 55 S. C. 90; 64 S. C. 491; 3 S. C. 411.

*Mr. B. A. Morgan,* contra, cites: *Findings in law case will not be disturbed:* 26 S. C. 304; 33 S. C. 359.   *Account may be proved by admissions:* 27 S. C. 156; 86 S. C. 315. *One receiving goods knowingly must pay for them:* 46 S. C. 15.

December 29, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This was an action for building material sold and delivered by plaintiffs to defendant.   An order was made by consent referring issues of law and fact to the master, who found in favor of plaintiffs. Exceptions were taken to the master's report.   Judge Gage confirmed the findings of the master, and gave judgment for plaintiffs in the sum of $223.90.

There being some testimony tending to establish the conclusions of fact by the Circuit Court, under the well settled rule in actions at law, we accept such conclusions as final.

From these findings it appears that defendant ratified the acts of J. A. Capell as agent in purchasing the materials from plaintiffs and having them charged in defendant's name, and that defendant promised to pay for same.

The only question of law presented to the Circuit Court was whether the master erred in allowing testimony to show a subsequent promise by defendant to pay the debts of Capell, as there was no allegation in the complaint that plaintiffs relied on such agreement. Under a complaint for goods sold and delivered by plaintiffs to defendant it was competent to show that defendant bought the goods through his agent, whose acts he ratified and for whose purchases he promised to pay. The appellant's contention that the debt sued on was the debt of Capell as an independent contractor is opposed to the facts as found by the master and Circuit Court.

The judgment of the Circuit Court is affirmed.