10764

*IN RE*. ESTATE OF TURNER

BRABHAM v. TURNER *ET AL.*

(109 S. E. 806)

EXECUTORS AND ADMINISTRATORS—FINDING THAT BOARD AND LODGING WAS NOT GRATUITOUS WARRANTED, WHEN THERE IS SOME EVIDENCE OF DECLARATIONS OF INTENTION TO PAY.—Where there was evidence of declarations by decedent, who was claimant's wife's aunt, at the time she came to live with claimant and his wife, and afterwards, concerning her intention to pay for her board, a finding was warranted that the board and lodging was not furnished as a gratuity.

Before MAULDIN, J., Bamberg, March, 1921. Affirmed.

Proceedings on a claim of H. M. Brabham against Mrs. Lura Brabham, as executrix of Sue Turner, deceased, opposed by T. E. Turner, a brother of deceased, and a legatee under her will. From an order of the Circuit Court sustaining the allowance of the claim by the Probate Judge, T. E. Turner appeals.

The decedent was the aunt of the claimant's wife and had resided with claimant and his wife continuously for several years prior to her death. The claimant's wife tes-

tified that there was an agreement when she came to live with them as to paying board; that she said she wanted claimant and his wife to be well paid for providing for her; that the witness had heard her ratify this agreement over and over again; and that at one time decedent gave the claimant a check for board and medical services, stating that it was to go as part payment on what she owed, and that she wished she could pay more. Other witnesses testified to declarations by the decedent that she did not intend claimant to keep her for nothing, but that she had property and intended him to be paid, and that she could not think of staying with him without paying him. The first three exceptions were to the action of the Circuit Judge in sustaining the Probate Court on the grounds (1) that the board and lodging were furnished gratuitously; (2) that there was no express contract between the claimant and deceased as to the payment of board and lodging, and the circumstances did not show clearly that decedent assumed a legal obligation to pay therefor; and (3) that there was no testimony of the payment for board and lodging or of an agreement to pay. The fourth exception was to the holding that the relationship of claimant and deceased was such that presumption did not apply that the board and lodging were gratuitous.

*Messrs. E. H. Henderson* and *Brown & Bush,* for appellant, cite: *Presumption of gratuitous service to a near relative:* 34 S. C., 255; 37 S. C., 169; 38 S. C., 167; 67 S. C., 243; 80 S. C., 160; 103 S. C., 378; 113 S. C., 222; 18 Cyc., 412; 40 Cyc., 2815, 2816, 2823; 28 R. C. L., 677. *To rebut presumption it must appear that there was an express contract or that deceased had assumed a legal obligation to pay:* 34 S. C., 255. *Where services are originally rendered gratuitously they cannot afterwards be made a charge:* 2 Bay, 103.

*Messrs. Carter, Carter & Kearse, for respondent, cite: Implied promise to pay:* 34 S. C., 256; 113 S. C., 224.

*Contract to pay may be implied*: 67 S. C., 245; 53 S. C., 386; 103 S. C., 377. *Relationship not such as to raise presumption that board was gratuitous*: 38 S. C., 168; 113 S. C., 222; 2 Bail., 310. *Concurrent findings of Probate Judge and Circuit Judge should not be disturbed*: 13 S. C., 42.

December 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Mauldin, sustaining the order of Probate Judge in allowing a claim of Dr. Brabham against the estate of Miss Turner for board and lodging and medical services; the contention being that the claim for board and lodging should not be allowed, as the same were furnished as a gratuity. The exceptions, four in number, are overruled under the authority of *Dash v. Inabinet,* 53 S. C., 386; 31 S. E., 297; *Wessinger v. Roberts,* 67 S. C., 245; 45 S. E., 169; and *Kaminer v. Kaigler,* 113 S. C., 225; 102 S. E., 20.

Judgment affirmed.