## 11538

### JONES v. JONES

#### (123 S. E., 763)

1. Work and Labor—Evidence Held Not to Support Nonsuit for Boarding and Nursing Father-in-Law. — In daughter-in-law's action to recover for boarding and nursing her deceased father-in-law, evidence *held* not to rebut presumption of an implied obligation to compensate plaintiff so as to support a nonsuit.

2. Work and Labor—Whether Services Were Rendered as Gratuity Held for Jury.—In daughter-in-law's action to recover for boarding and nursing her father-in-law, whether services were rendered as a gratuity was a question of fact for jury.

3. Executors and Administrators—Services Rendered as Gratuity May Not Afterwards be Converted into Charge.—Services of daughter-in-law in boarding and nursing her father-in-law, if rendered as a gratuity, cannot after his death be converted into a charge.

4. Work and Labor—Rendition of Services Which One is Under Obligation to Perform Presumed Gratuitous.—Where relations between parties are such as to create a moral or legal obligation

on claimant to render certain services, the presumption is that rendition of those services was in response to that obligation without thought of compensation, and claimant has the burden of removing that presumption.

5. EXECUTORS AND ADMINISTRATORS—ONE RECEIVING BENEFIT OF ANOTHER'S SERVICE UNDER IMPLIED OBLIGATION TO COMPENSATE HIM.—Where one receives benefit of another's service, which latter was under no moral or legal obligation to render, former is under an implied obligation to compensate latter therefor, and burden is upon former's administrator to remove that presumption.

6. WORK AND LABOR—DAUGHTER-IN-LAW UNDER NO OBLIGATION TO SUPPORT AND NURSE FATHER-IN-LAW.—There is neither a legal nor moral obligation upon a daughter-in-law to support and nurse her father-in-law preventing presumption of implied obligation to pay therefor.

Before HENRY, J., Jasper, November, 1923. Reversed and remanded.

Action by Mrs. F. E. Jones against Paul W. Jones as administrator. From a judgment of nonsuit, plaintiff appeals.

*Messrs. R. K. Wise and Jno. P. Wise,* for appellant, cite: *Liability for support at common law:* 13 R. C. L., Sec. 224, p. 1103; 122 N. E., 304; 102 S. E., 20; 160 N. Y. S., 1000; Vol. 28, R. C. L., Sec. 17, p. 682.

*Mr. C. B. Searson,* for respondent, cites: *Services and promise to pay:* 2 Bail., 310; 2 Strob. Eq., 164. *Claims made after death:* 85 N. Y., 136; 29 Ill. App., 296.

July 7, 1924.

The opinion of the court was delivered by MR. JUSTICE COTHRAN.

The plaintiff, Mrs. F. E. Jones, brings this action against her husband, Paul W. Jones, as administrator of the estate of his father, E. M. Jones, for $699.72, the amount of a claim filed by her for boarding and nursing E. M. Jones, from April, 1918, to the time of his death in October, 1921, 3½ years at $16.66 per month.

The evidence for the plaintiff tended to establish the following facts:

The old gentleman, E. M. Jones, lived about 8 miles from the home of his son, Paul W. Jones. He was very old, and it appeared that he had no one particularly to look after him. The home place, occupied by Paul W. Jones and his family, belonged to the plaintiff, who appears to be the gray horse of the team; the husband being in bad health and contributing only a small amount to the support of the family, which included eight children, some of them about grown. In April, 1918, without heralding, the old man drove up to the Jones home apparently for a visit. After staying about three weeks he went back for his trunk, took up his permanent abode with the Joneses, and lived there until he died in October, 1921. The plaintiff owned and operated the farm, raised chickens, sold butter and country produce, and supported the family. She did the washing and cooking, and during the frequent illnesses of the old man faithfully waited upon him. They had no servants. E. M. Jones made practically no contribution to the family support, paid no board or other item of expense. The dwelling house was burned while he was there, but no assistance in rebuilding was tendered by him. The record does not disclose his ownership of any land, but after his death it was found that he had $5,500 in bank in cash. He came there without invitation, and no mention of a charge for board and nursing was ever made on either side.

At the close of the evidence for the plaintiff the defendant made a motion for a nonsuit, substantially upon the ground that, there being no allegation of a specific agreement between Mrs. Jones and E. M. Jones, the plaintiff could rely only upon an implied contract to pay for board and nursing, and that there was no evidence in support of an implied contract to the effect that either Mr. Jones went in there expecting to pay board, or that Mrs. Jones took him in expecting pay for board from him.

His Honor, the presiding Judge, does not appear to have responded to the grounds taken by the defendant, but granted the motion upon the ground, apparently, that the obligation to support the old man rested upon Paul W. Jones, his son, and that, unless it appeared that the plaintiff had been totally abandoned by the husband, although she may have owned the land and supported the family, she could make no claim against the old man's estate.

It is not necessary to consider whether or not there was a legal obligation upon the son to support the father. There was evidence abundant tending to show that the plaintiff rendered the service which may or may not have been an obligation on the son; and the question whether or not it was rendered as a gratuity, which would exclude the right to compensation, was a question of fact which should have been submitted to the jury.

The applicable principles are clearly and justly settled by the decisions of this Court. The main inquiry is whether or not the services were rendeed gratuitously; for, if so, they cannot afterwards be converted into a charge. Upon that issue certain presumptions which control the burden of proof enter. If the relation between the two parties was such as to have created a moral or legal obligation upon the claimant to render the service in question, the presumption is that it was rendered in response to such obligation, without thought of compensation. The burden is then upon the claimant to remove this presumption, which he may do by evidence that the service was intended to be compensated for, and, if so, he may recover accordingly. If no such relation existed, the presumption follows the usual course that one who receives the benefit of another's service is under an implied obligation to compensate him therefor. The burden is then upon the administrator to remove this presumption, which he may do by evidence that the service was intended to be rendered gratuitously, and, if so, the claim will be denied. 18 Cyc., 421, 413, 533; 40 Cyc., 2815, 2816, 2823;

R. C. L., 677. *Johnson v. Lewis,* 2 Strob. Eq., 157. *Trammel v. Salmon,* 2 Bail, 308. *Kaminer v. Kaigler,* 113 S. C., 222; 102 S. E., 20. *In re Turner's Estate,* 118 S. C., 30; 109 S. E., 806. *Ex parte Aycock,* 34 S. C., 255; 13 S. E., 450. *Hughes v. Kirkpatrick,* 37 S. C., 161; 15 S. E., 912. *Sullivan v. Latimer,* 38 S. C., 158; 17 S. E., 701. *Wessinger v. Roberts,* 67 S. C., 240; 45 S. E., 169. *Gaston v. Gaston,* 80 S. C., 157; 61 S. E., 393. *Sherwood v. McLaurin,* 103 S. C., 370; 88 S. E., 363. *Blowers v. R. Co.,* 70 S. C., 377; 50 S. E., 19; Id., 74 S. C., 221; 54 S. E., 368. *Johnson v. Tait:* 97 Misc. Rep., 48; 160 N. Y. Supp., 1000. *Kearney v. MeKeon,* 85 N. Y., 136. *Clawson v. Moore,* 29 Ill. App., 296. *Sherry v. Littlefield,* 232 Mass., 220; 122 N. E., 300. *Lyons v. Jackson,* 232 Mass., 275; 122 N. E., 304.

There was neither a legal nor a moral obligation upon Mrs. Jones to support and nurse the intestate, who was her father-in-law. *Trammel v. Salmon,* 2 Bail. 308. Hence the presumption arose that there was an implied obligation upon him to compensate her for the service rendered, and the burden was upon the administrator to remove that presumption. That presumption certainly had not been removed at the time the testimony for the plaintiff closed and the motion for a nonsuit was made. *Dill v W. O. W.* (S. C.) 120 S. E. 61. The Court therefore was in error in sustaining the motion.

The post mortem claims against an estate for the support and nursing of the aged, who may have had a strong moral if not legal claim thereto, have at times been subjected to an odium not entirely deserved. It not unfrequently happens that those who are "old and only in the way" are bundled off upon some more amiable member of the family, who uncomplainingly responds without the slightest assistance from the complacently selfish; and in the contest which ensues, really an effort to compel contribution based upon the same moral obligation, the selfish appear consumed with

a "righteous indignation" at the hardness of the claimant, which has as little sincerity as Judas exhibited in his protest against the waste of the precious ointment:

"This he said, not that he cared for the poor, but because he  *  *  *  had the bag, and bare what was put therein." John xii, 6.

The judgment of this court is that the judgment of the circuit court be reversed, and that the case be remanded to that Court for a new trial.

Messrs. Justices Watts, Fraser and Marion concur.