12380

WINDBURN *ET AL. v.* JOHNSON *ET AL.*

(141 S. E., 680)

1. EXECUTORS AND ADMINISTRATORS—CLAIM FOR SERVICES AGAINST ESTATE OF DECEASED IN PARTITION SUIT FOR SALE OF DECEASED'S LANDS, IS ON LAW SIDE.—Claim for services rendered deceased, in partition action for sale of certain of deceased's lands, is on the law side of the Court.

2. APPEAL AND ERROR—CONCLUSIONS CONCURRED IN BY MASTER AND TRIAL JUDGE, AND SUPPORTED BY EVIDENCE, ARE FINAL.—Where Master and trial Judge concurred in conclusions of law and fact, conclusions where supported by evidence are final on appeal.

Before DENNIS, J., Chesterfield, July, 1926.   Affirmed.

Action by A. C. Windburn, Administrator *de bonis non,* and Mrs. Sarah M. J. Johnson, Executrix of the estate of Melissa J. Hicks, against Mamie Johnson, Mary Ann Hicks, and others for partition by sale of certain lands of deceased, in which defendant last named filed a claim against the estate.   From the judgment confirming Master's report allowing the claim, defendants except defendant last named, appeal.

*Messrs. Miller, Lawson & Stokes,* for appellants, cite: *As to gratuitous services:* 129 S. C., 11; 134 S. C., 42; 118 S. C., 30; 113 S. C., 222; 80 S. C., 160; 67 S. C., 240; 28 R. C. L., 683; 11 L. R. A. (N. S.), 873; 133 A. S. R., 250; 134 S. C., 42.

*Messrs. Pegues & Murray,* and *C. L. Hanley,* for respondents.

*Mr. P. A. Murray,* for respondents, cites: *Issue here on law side of Court:* 104 S. C., 374.   *Where promise to devise lands for services rendered is breached, interested party may treat contract as at an end and sue for value of services rendered:* 91 S. C., 284.   *Presumption here is that there was obligation to compensate for services rendered:* 80 S. C., 157; 43 S. C., 255; 64 S. C., 236; 123 S. E., 763.

February 23, 1928.

The opinion of the Court was delivered by MR. ACTING JUSTICE J. WM. THURMOND.

This action was commenced in the Court of Common Pleas for Chesterfield County, in May, 1925, for the partition by sale of certain lands in Chesterfield County, seized and possessed in fee by Melissa J. Hicks at the time of her decease, with whom Mary Ann Hicks, the claimant, had resided for many years.

The administrator called in debtors and creditors. Mary Ann Hicks filed a claim for $1,800.00 with the administrator of said estate, and the administrator disallowed it, but the matter was referred to the Master in and for said County, and he allowed $1,440.00 to the claimant.

The Master's findings of fact and law were in favor of Mary Ann Hicks. To the Master's report exceptions were taken by the administrator of said estate and certain heirs at law of Melissa J. Hicks, and the matter came on for hearing before Judge Dennis, who decreed as follows:

"It is, therefore, ordered and adjudged that all exceptions to the Master's report be, and they are hereby, overruled and the Master's report is confirmed, and made the judgment of this Court. It is further ordered and adjudged that Mary Ann Hicks has a valid and legal claim against the estate of Melissa J. Hicks for the amount determined by the Master and reported by him in his report filed in this case."

The claim for services in such case is on the law side of the Court. It will be observed that the trial Judge concurred in the findings of law and fact with the Master. See *Morgan et al. v. Moorhead,* 90 S. C., 278, 73 S. E., 189.

The appellants have made twelve exceptions to said decree, but they really involve two questions, to wit:

(1) The exceptions to the conclusion of law reached by the trial Judge especially, under the testimony of Mary Ann

Hicks at folio 370 of the case. There was testimony tending to show that Melissa J. Hicks had stated that she would give Mary Ann Hicks land, and the facts and circumstances were before the Master, and this Court cannot hold as a matter of law that the testimony of Mary Ann Hicks, referred to in said folio, established by clear preponderance of the testimony that her services were intended to be gratuitous. *Jones v. Jones,* 129 S. C., 8, 123 S. E., 763.

(2) The other exceptions to said decree are to the conclusions of law and fact reached by the Master, and concurred in by the trial Judge. This concurrence is supported by evidence and, therefore, final. *Morgan v. Moorhead, supra.* This Court cannot say that those conclusions are even against the preponderance of the testimony. The argument of appellants' counsel is cogent, but after a full consideration of the case, the Court is satisfied with the conclusions reached by the Master, concurred in by the Circuit Judge.

Therefore, the judgment of the lower Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.