[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 17 
July 29, 1941. The opinion of the Court was delivered by
The respondent filed in the Probate Court a claim against the Estate of Emma C. Limehouse, deceased, for services rendered the deceased in her lifetime. The administrators of the Estate of Emma C. Limehouse filed with the Judge of Probate a petition that they were advised that because of the relationship existing between the parties, a presumption of law arose that the services rendered decedent were gratuitous. Hence they desired that the Court inquire into the matter and determine whether the claim should be paid.
The Probate Judge took testimony, heard argument, and filed an able order directing that the claim be paid.
An appeal was taken to the Court of Common Pleas, which was heard by His Honor, Judge Oxner, who filed a decree affirming the judgment of the Probate Court.
The interesting questions involved in this proceeding are so clearly and ably discussed in the order of the Probate Court, and the decree of the Circuit Judge affirming it, we think it is best for a clear understanding of the whole matter that both of them be reported.
Judge Oxner, in his decree, says: "The authorities in this State are not clear as to whether the relationship itself *Page 29 
(of aunt and niece) raises such presumption." We do not think the decision in this case finally decides that issue. But we agree that in the light of the evidence in this case, it has been correctly decided.
In the case of Fairey et al. v. Hildebrand, 159 S.C. 515,157 S.E. 841, 842, Mr. Chief Justice Blease said: "It is well established that in a law case this Court will not disturb findings of fact of the Probate Court, concurred in by the Circuit Court, when there is any evidence to support such findings. * * *"
For the same reason, we affirm the order of the Circuit Court which affirms the order of the Probate Court.
MESSRS. JUSTICES BAKER, FISHBURNE, and STUKES, and MR. ACTING ASSOCIATE JUSTICE L.D. LIDE concur.