## 18761

S. Douglass BRASWELL, d/b/a Efird's Exterminating Company, Respondent, v. The HEART OF SPARTANBURG MOTEL, Appellant.

(159 S. E. (2d) 848)

*Roy McBee Smith, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Means, Evins, Browne & Hamilton,* of Spartanburg, *for Respondent,*

16

February 26, 1968.

Moss, Chief Justice.

S. Douglass Braswell, the respondent herein, brought this action against The Heart of Spartanburg Motel, the appellant herein, to recover the sum of $675.00, allegedly due him for work, labor and services performed in connection with pretreatment for termite control during the construction of the appellant's motel in Spartanburg. The respondent alleged that the work, labor and services done and performed by him for the appellant was at its special instance and request.

The appellant, by its answer, denied that it was indebted to the respondent in any amount and further denied that whatever work, labor and services may have been performed by the respondent were pursuant to any agreement or contract with it. The appellant further alleged that its motel facilities were built pursuant to a contract between it and Knox Homes Corporation, whereby the total number of units were constructed in the State of Georgia, transported to Spartanburg and there assembled and completed for a total agreed purchase price. It is further alleged that the said Knox Homes Corporation contracted with and employed AAA Construction Company to assemble, construct and complete the motel facilities and said company did assemble, construct and complete the said facilities and performed or subcontracted all of the work necessary for a turnkey job including whatever services, labor or work may have been performed during such construction by the respondent. The appellant further alleged that it entered into no contract with the respondent for the performance of any work, labor or services in connection with the construction of its motel.

This case came on for trial before the Honorable Charles M. Pace, Judge of the Spartanburg County Court, and a jury, at the 1967 May term thereof. At the conclusion of all the testimony the respondent made a motion for a directed verdict in his favor on the ground that there was only one reasonable inference to be drawn from the evidence and that was that the appellant contracted with the respondent for the services which he performed and a promise to pay the value of such services was implied. The appellant made a motion for a directed verdict on the ground that the complaint alleged a cause of action upon an express contract and the elements thereof were not proved, and upon the further ground that there was no testimony of the reasonable value of the services rendered by the respondent.

The motion of the respondent for a directed verdict was granted and that of the appellant refused. The appellant has appealed to this court and asserts that the trial judge was in error in granting the motion of the respondent for a directed verdict and refusing its motion for a directed verdict.

In 1963 the appellant was having constructed a motel in the City of Spartanburg and such construction was completed in February, 1964. The respondent testified that R. G. Stone, president of the appellant, engaged his services for rendering pretreatment for termite control during the construction of said motel but no price for such service was ever agreed upon. R. G. Stone testified that he never engaged the services of the respondent to do the pretreatment for termite control during the construction of said motel but that he did introduce the respondent to the contractor and they made an agreement thereabout. The respondent unequivocally testified that he made no agreement with the contractor for the termite treatment and that his work was done at the request and pursuant to an agreement with the appellant. The brief summary of the testimony heretofore given shows an absolute conflict upon the question of who engaged the services of the respondent. It follows that the trial judge was in error in granting a

directed verdict in favor of the respondent. A directed verdict can only be granted when the evidence is susceptible of only one reasonable inference and where the evidence is conflicting, as here, it was error to direct a verdict for the respondent. *Coleman v. Palmetto State Life Ins. Co.*, 241 S. C. 384, 128 S. E. (2d) 699.

The appellant asserts that the trial judge was in error in refusing its motion for a directed verdict upon the ground that the respondent's cause of action was founded upon an express contract and the elements thereof were not proved, in that, there was no agreement as to the amount of compensation to be paid for services rendered by the respondent to the appellant.

It is alleged in the complaint that the appellant was indebted to the respondent in the sum of $675.00 on account of work, labor and services done and performed by the respondent for the appellant 'at its special instance and request' in rendering pretreatment for termite control during the construction of the appellant's motel. The allegation of the complaint that the respondent performed services for the appellant at his special instance and request does not operate to limit the respondent to proof of an express contract, but he may support his complaint by evidence of facts giving rise to an implied contract. *Columbus, H. V. & T. Ry. Co. v. Gaffney*, 65 Ohio St. 104, 61 N. E. 152.

Under an implied contract the respondent, because he had no agreement as to the price to be paid for his services, was entitled to recover the fair value of the work and labor he performed for the appellant. *Gantt v. Morgan*, 199 S. C. 138, 18 S. E. (2d) 672.

The pivotal question here is whether the appellant engaged the services of the respondent to do the pretreatment termite control work during the course of the construction of its motel. If the appellant so engaged the services of the respondent, and this is a question of fact to be determined

by a jury, the respondent is entitled to recover in this action the reasonable value of the services rendered by him. It follows that it would have been error for the trial judge to direct a verdict in favor of the appellant.

The appellant takes the further position that there was no testimony of the reasonable value of the services rendered by the respondent and for that reason a verdict should have been directed for it. We think not. It is agreed in the statement of the case that "there is no contest over the fact that the work was done" by the respondent. The respondent testified in detail as to the work and labor performed by him in the pretreatment termite control during the construction of the motel, and that he charged 4 1/2 cents per square foot or a total of $675.00 for the work and labor so performed and this "was the cost of this work". This was evidence of what the respondent claimed was the reasonable value of the work and labor he performed.

The judgment of the lower court is reversed and this case remanded thereto for a new trial.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.