19134

Stella Caughman BURNS, Respondent, v. Mary DuBose CAUGHMAN and Mary Louise C. Dennis, Administratrices of the Estate of William Belton Caughman, Appellants.

(178 S. E. (2d) 157)

*Messrs. Townsend & Townsend,* of Columbia, *for Appellants,*

*Messrs. McElveen & McElveen,* of Columbia, *for Respondent,*

*Messers. Townsend* and *Townsend for Appellants, in reply,*

December 3, 1970.

LEWIS, Justice.

Plaintiff brought this action against the defendants, as administratrices of the estate of William Belton Caughman, deceased, to recover the reasonable value of items furnished and services rendered by plaintiff to the deceased during the latter's lifetime. The trial resulted in a jury verdict in plaintiff's favor in the amount of $14,400, from which defendants have appealed, contending that they are entitled to a new

trial because of alleged error in the admission of certain testimony.

Plaintiff, a sister of the deceased, was allowed to testify, over objection, that she moved on the premises of her brother several years prior to his death in order to be of help to him and that she performed various domestic services for him. She was permitted to further testify as to the nature, type and extent of the services performed, for which she was seeking recovery in this action.

Defendants contend that, in allowing the foregoing testimony, the lower court permitted plaintiff to testify as to a transaction between her and the deceased, in violation of the prohibitions of Section 26-402 of the 1962 Code of Laws (commonly called the Dead Man's Statute). Plaintiff, on the other hand, takes the position that, (1) in the view of the admissions in the answer, the testimony, if violative of Section 26-402, was not prejudicial; and (2) the testimony did not constitute a transaction with the deceased within the meaning of the statute.

The pertinent portions of Section 26-402 state that "no party to an action or proceeding * * *, shall be examined in regard to any transaction or communication between such witness and person at the time of such examination deceased, * * * as a witness against a party then prosecuting or defending the action as executor, administrator, * * * of such deceased person * * *, when such examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness * * *."

The parties agree that the relationship between plaintiff and the defendants was such as to make the foregoing section applicable. No communication is involved and the testimony in question was inadmissible if it was in regard to any *transaction* with the deceased.

Our decisions have held that the term *transaction,* as used in the statute means the carrying on or through of any matter or affair, and implies mutuality—

something done by both in concert, in which both take some part. *Sullivan v. Latimer,* 38 S. C. 158, 17 S. E. 701; *Merck v. Merck,* 89 S. C. 347, 71 S. E. 969.

While the term *transaction* is said to have a comprehensive meaning, its application is limited to those situations within the evil which the statute was designed to prevent, that is, the protection of estates of deceased, insane, and lunatic persons from fraudulent claims. This the statute seeks to do by making inadmissible testimony by an interested witness in regard to alleged transactions and communications with such persons when alive or when suffering under the disability mentioned.

We are here concerned with the application of the statute to testimony by a witness as to services upon which her claim against the estate of the deceased is based. The question of the competency of a witness under similar statutes to give such testimony has been the subject of much litigation and judicial treatment. Annotation: 155 A. L. R. 961. We find it difficult to draw from our prior decisions any definite rule upon the subject. They are, however, in our opinion, not inconsistent with the sound rule stated in the annotation in 155 A. L. R., at page 970, that "where the services are of a personal kind which by their very nature had to be performed in the presence or with the knowledge or consent of the decedent, so that the testimony would tend to show the existence of an implied contract by the decedent to pay for the services, the witness is prohibited to testify as to the services rendered."

The present services involved the performance of general household duties, preparing meals, laundering clothing, nursing, and general care of the deceased. They were therefore of a personal kind which by their nature had to be performed in the presence or with the knowledge or consent of the deceased, so that the testimony thereabout would tend to show the existence of an implied contract by the deceased to pay for the services. We think

that the testimony in question was therefore inadmissible under Section 26-402.

However, plaintiff contends that, in view of the admissions in the answer her testimony was not prejudicial to the defendants, and we agree.

Plaintiff alleged in her complaint that "during the period from July 1960 until on or about August 1966, plaintiff furnished certain groceries, prepared meals, furnished linens, performed household duties, washed and laundered clothing, furnished heat and fuel, nursed and generally cared for her brother, the late William Belton Caughman" and that the groceries furnished and services rendered by her were reasonably worth the sum of $200.00 per month, or a total of $14, 400.00.

The answer, for a *first defense,* admitted so much of the foregoing allegations of the complaint "as alleges that certain items were furnished and services performed by plaintiff for defendants' intestate from time to time during the period alleged," but denied the remaining allegations relative to such services and alleged that "none of said items or services was furnished or performed pursuant to any contract or agreement, express or implied, for payment therefor by defendants' intestate." For a *second defense,* it was alleged that, even if the services hed been performed and the items furnished pursuant to an agreement for payment by the deceased, which defendants deny, the deceased furnished during his lifetime more than ample consideration to pay for such items and services in full, so that no amount is now due plaintiff.

There is no contention that the deceased expressly agreed to pay for the services and items furnished. Plaintiff relied upon an implied obligation to pay on the part of the deceased, allegedly arising, under the circumstances, from the fact that the items were furnished and the services performed.

As shown above, the fact that plaintiff, as alleged in the complaint, furnished certain items and services for deceased during the period involved was admitted by the answer. Such implication of liability as might follow from the relationship of the parties and the furnishing of the alleged services arose by virtue of the admitted facts and independently of any testimony by plaintiff. In view of the admissions that plaintiff did furnish certain alleged services and items to the deceased, her testimony that she did so could not have been prejudicial to defendants. In that regard, she was simply testifying as to a fact already admitted by defendants and corroborated by the testimony of other witnesses.

We find no prejudicial error in the admission of plaintiff's testimony relative to the services rendered by her to the deceased.

Under the final question, defendants charge error in the rulings of the trial judge admitting, over objection, testimony as to the appraised value of decedent's estate and the debts and claims against it, as reflected by the probate court records. This testimony showed that deceased left an estate of approximately $175,000.00, against which there were very few claims other than that of plaintiff and estate taxes. The value of decedent's personal property was approximately $12,000.00, with the remainder of the estate consisting of farm land.

When the foregoing testimony was offered and objection was made, there was no indication by plaintiff as to the purpose for which it was offered. Defendants' objection was upon the ground that the appraised value of the decedent's estate had no "probative value in the case." The objection was overruled and the appraisal of the estate, as shown by the probate court records, was admitted in evidence because the trial judge considered that he could not "refuse the proposition of admitting something into evidence which is a matter of public record."

Subsequently, plaintiff sought to elicit from a real estate agent an opinion as to the value of the real estate owned by deceased at the time of his death. Objection was again made by defendants to testimony as to the value of the estate upon the ground that it had no "probative value whatsoever in a suit of this type." Upon inquiry by the trial judge as to the purpose for which such testimony was offered, counsel for plaintiff stated that the amount of the estate was an element to be considered in estimating the value of the services rendered to deceased by plaintiff. Whereupon, the objection was sustained, the trial judge ruling, in effect that "the wealth of the deceased man or his property" was irrelevant upon the question of the value of plaintiffs' services.

The record shows that testimony as to the value of the estate was offered solely on the question of the value of the services rendered by plaintiff. While the testimony was first admitted generally, similar testimony was subsequently ruled inadmissible when plaintiff, for the first time, stated the specific purpose for which it was offered. Under the second ruling of the trial judge, the testimony previously admitted as to the value of the estate was clearly inadmissible also. The insructions to the jury are not included in the record and, after the exclusion of testimony relative to the value of decedent's property, the trial record fails to disclose further reference to the similar testimony previously admitted over objection, either in arguments to the jury, motion to strike, or request for instructions to the jury thereabout.

We therefore have a situation where testimony is first admitted over objection and subsequenty in the trial similar testimony is ruled inadmissible for the only purpose for which it was offered. Under such circumstances, in view of the ruling by the trial judge, in the presence of the jury, that testimony as to the value of the estate was irrelevant on the issue of the value of the services rendered, the only purpose for which it was offered, and the absence of further reference to such testimony in the record, it will be assumed on appeal that the final ruling of the trial

judge satisfactorily removed the testimony in question from the jury's consideration, with no prejudice resulting to defendants. We find nothing in this record upon which to base a contrary finding.

The exceptions charging error in the rulings of the trial judge relative to the testimony as to the value of decedent's estate are overruled.

Defendants have also argued that the trial judge erred in refusing their motion for a directed verdict. They state that their position in this regard is contingent upon the exclusion of the testimony of plaintiff as to the services rendered by her to the deceased. It is contended that without her testimony there was no factual support for the verdict. Since the exceptions charging error in the admission of plaintiff's testimony have been overruled, we do not reach the question of alleged error in the refusal of the motion for a directed verdict.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.