## 1918

Nancy HIERS and Sally Hiers, Minors, by their Guardian ad Litem, Fred Reid HIERS, and Fred Reid Hiers, Individually, Appellant v. Mary Esther Holley MULLENS, Personal Representative of the Estate of Howard Holley, Respondent.

(425 S.E. (2d) 57)

Court of Appeals

*W.D. Rhoad* and *Martha Elizabeth Rhoad, Rhoad, Rhoad &
Rhoad,* Bamberg, *for appellant.*

*D.A. Early, III* and *Richard B. Ness,* Bamberg, *for respondent.*

Heard Oct. 13, 1992.

Decided Dec. 7, 1992.

CURETON, Judge:

The Appellant (Hiers) brought an action against the estate of Howard Holley to recover in quantum meruit or, alternatively, to enforce the provisions of a purported will. The probate court transferred the case to the circuit court for a jury trial. The circuit court granted summary judgment for the estate of Howard Holley. Hiers appeals the failure of the circuit court to remand the case back to the probate court, and the grant of summary judgment. We affirm in part, reverse in part, and remand for trial.

Howard Holley died intestate on June 26, 1989. Mullens, Holley's sister, was appointed as personal representative of his estate. In February 1990, Fred Hiers commenced an action in probate court alleging he provided services for Holley in exchange for Holley's assurances that he or his two daugh-

ters would be provided for in Holley's will.[1] Hiers claims the reasonable value of the services provided exceeded $10,000. Hiers asserts that through the will in which certain provisions were made for him and his daughters was not properly executed, he is entitled to "recover from the Estate the reasonable value of the services rendered to the deceased. . . ." Alternatively, he claims entitlement to specific property devised to him in the failed will.[2]

Mullens answered on Marcy 5, 1990, denying the existence of a contract between Hiers and Holley. She also raised the the Statute of Frauds and laches as defenses. On April 26, 1990, Mullens moved to amend her answer to add an allegation that the purported will was by its own terms effective for only one day. Hiers filed no return to the motion. The court granted the motion to amend on May 29, 1990.

On May 2, 1990, Mullens moved to remove the case to the circuit court, pursuant to S.C. Code Ann. § 62-1-302(c)(1), (2), and (5) (Supp. 1991). Mullens asserted that since Hiers sought to have the handwritten document declared to be Holley's will, the estate was entitled to a jury trial. On May 4, 1990, Hiers served a return to the removal motion, stating the issues were joined on March 6, 1990 and, thus, the motion was untimely. The probate court granted removal on May 29, 1990.

On June 7, 1990, Hiers moved to remand the case back to the probate court, claiming the removal was untimely because the amendment of the answer related back to March 5, 1990, the date of Mullens' original answer. The circuit court held that Rule 15(c), SCRCP is essentially identical to Rule 15(c), Federal Rules of Civil Procedure. It stated that the doctrine of relation back was included in Rule 15(c) to "salvage" causes of action otherwise barred by the statute of limitations. The circuit court reasoned that the doctrine did not apply here be-

---

[1] Fred Hiers testified that in 1983 he brought Holley home from the hospital. Doctors had told Holley he had only six months to live. Hiers claimed Holley showed him his will and asked Hiers to continue to look after him. The handwritten document purporting to be Holley's will leaves several items to Hiers and "room rent" from Holley's hotel until its sale. The will also purported to devise some stock to Hiers' two daughters. Hiers provided daily services for Holley for approximately six years after he returned from the hospital. We recognize that the "Dead Man's" Statute would preclude much of Hiers' testimony.

[2] Hiers does not assert this theory as a basis for reversal in this appeal.

cause the statute of limitations was not pled in the amended answer. Accordingly, the circuit court deemed the amended answer filed on May 29, 1990, the day the probate court issued its order allowing the amendment. Thus, the court reasoned that because a responsive pleading could be filed to the amended answer, the motion to remove was made within ten days "following the date on which all responsive pleadings must be filed," as required by § 62-1-302(c).

On appeal, Hiers agreed the removal petition must have been filed not later than ten days following March 5, 1990. Hiers asserts that Mullens was required by Rule 12, SCRCP to have answered by March 9, 1990, or thirty days after service of the complaint. Consequently, Hiers argues the latest date on which Mullens could have sought removal was March 19, 1990. He claims the subsequent amendment of Mullens' answer had no effect on the statutory requirements of § 62-1-302(c). We disagree.

Rule 15(a), SCRCP permitted the amendment granted by the probate judge and Hiers takes no issue with the granting of the amendment. Rule 15(a) also permitted a response to the amended answer to have been interposed within fifteen days of the granting of the motion to amend. We hold the removal motion became timely upon the granting of the motion to amend. It would have been a needless act to have required the refiling of the motion after the granting of the amendment. For the reasons stated by the circuit court, we find no merit to the relation back doctrine espoused by Hiers.

We next address the grant of summary judgment by the circuit court. Mullens moved for summary judgment claiming (1) Hiers' daughters were not real parties in interest as they were the unintended third-party beneficiaries of any alleged contract for services; (2) the attempted will was a nullity and unenforceable under the Statute of Frauds; and (3) Hiers could not adduce competent evidence to support an action in quantum meruit.

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Standard Fire Insurance Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 392 S.E. (2d) 460 (1990).

The circuit court ruled the attempted will fails as a will because (1) it was not properly executed; (2) it does not contain essential terms to reflect mutual intent to be bound; (3) by its own terms, it was to exist only as a will in the event Holly did not live past September 28, 1993; (4) Hiers was not reasonable in relying on the document; (5) the daughters were not intended as third-party beneficiaries; (6) any contract between Hiers and Holley was too indefinite to enforce; and (7) Hiers did not establish his quantum meruit claim.

We agree with the circuit court that there is no genuine issue of fact concerning the establishment of a valid expressed contract on which Hiers and his daughters may recover. However, as we read Hiers' complaint, its main thrust asserts a claim in quantum meruit or, alternatively, a declaration that the purported will will effectively devised to him and his daughters the property listed therein. As to the quantum meruit claim, the court found the daughters were not entitled to recover because there is no evidence they rendered any services to Holley. We sustain that finding. Additionally, the circuit court held Hiers had not presented evidence to support a claim in quantum meruit. The asserted deficiency in Hiers' evidence, as outlined by the circuit court, concerns the lack of evidence to establish the amount and value of the services rendered Holley, not the fact that they were rendered.

On appeal, Hiers argues he is entitled to a presumption that the services which he provided to Holley were not gratuitous and that there is an implied obligation on the part of the estate to compensate him for the services rendered. We agree. The law relating to the presumptions arising under those circumstances is amply stated in the case of *In re Limehouse Estate*, 198 S.C. 15, 16 S.E. (2d) 1 (1941):

> The main inquiry is whether or not the services were rendered gratuitously; for, if so, they cannot afterwards be converted to a charge. Upon this issue certain presumptions which control the burden of proof enter. If the relation between the two parties was such as to have created a moral or legal obligation upon the claimant to render the service in question, the presumption is that it was rendered in response to such obligation, without thought of compensation. The burden then is upon the claimant to

remove this presumption, which he may do by evidence that the service was intended to be compensated for, and, if so, he may recover accordingly. If no such relation existed, the presumption follows the usual course that one who receives the benefits of another's service is under an implied obligation to compensate him therefor. The burden is then upon the administrator to remove this presumption, which he may do by evidence that the service was intended to be rendered gratuitously, and, if so, the claim will be denied. *Id.* at 21, 16 S.E. (2d) at 4.

*Accord Fairey v. Hildebrand,* 159 S.C. 515, 157 S.E. 841 (1931); *Jones v. Jones,* 129 S.C. 8, 123 S.E. 763 (1924); *Wessinger v. Roberts,* 67 S.C. 240, 45 S.E. 169 (1903).

Here, there is evidence that no family or fiduciary relationship existed between Hiers and Holley. As a friend, Hiers had neither a legal nor moral obligation to provide the services in question. *See In re Limehouse,* 198 S.C. at 21, 16 S.E. (2d) at 4 (the relation of aunt and niece did not raise a presumption of gratuitousness). As a minimum, a fact issue existed whether under the circumstances Hiers expected to receive and Holley expected to make payment for the services. The trial court did not apply the presumption and shifted the burden to Hiers to show initially that the services were rendered pursuant to an agreement for or expectation of compensation.

As to Hiers' ability to prove the value the services rendered, we hold a question of fact exists. Admittedly, Hiers' own deposition testimony conflicts. However, matters of credibility should not be determined at the summary judgment stage. "All ambiguities, conclusions, and inferences arising in and from evidence must be construed most strongly against the movant for summary judgment." *Shea v. State Department of Mental Retardation,* 279 S.C. 604, 610, 310 S.E. (2d) 819, 822 (Ct. App. 1983). Further, Hiers testified in his deposition that, except for nine days during the six-year period in question, he went to Holley's house for about an hour each day or "in the neighborhood of 2,000 days" for the purpose of checking on Holley and to perform any chores that needed to be done. "And if you figure $10 a hour, you'd be talking about $20,000, if you figure $5 an hour. . . ." This infor-

mation is affirmed in Hiers' affidavit.[3] The fact that Hiers was at Holley's house on a daily basis was confirmed by others. We think a question of fact exists as to whether the evidence provides a basis for a fact finder to assess a value for these services.

Lastly, there is no merit to Mullens' contention that the grant of summary judgment is sustainable because Hiers sued based on an express contract and he may not recover in quantum meruit. As noted above, the thrust of Hiers complaint was in quantum meruit. Both the trial court and the probate court characterized the action as one in quantum meruit.[4] Moreover, "the allegation of the complaint that the respondent performed services for the appellant at his special instance and request does not operate to limit the respondent to proof of an express contract, but he may support his complaint by evidence of facts giving rise to an implied contract." *Braswell v. Heart of Spartanburg Motel*, 251 S.C. 14, 18, 159 S.E. (2d) 848, 849 (1968).

Accordingly, the order of the trial court is affirmed in part, reversed in part, and remanded for trial.

Affirmed in part, reversed in part, and remanded.

BELL, J., and BAROODY, Acting J., concur.

---

[3] We make no decision whether this testimony violates S.C. Code Ann. § 19-11-20 (the "Dead man's" statute). *But see Burns v. Caughman*, 255 S.C. 199 178 S.E. (2d) 151 (1970).

[4] The circuit court in its order denying Hiers motion to remand to the probate court, and the probate court in its order granting Mullens motion to amend her answer, characterized the action as one in quantum meruit.