THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Nationwide Insurance Company,       
Respondent.
 
 
 

v.

 
 
 
Barbara Smith, David Smith and Donald M. Brandt, Defendants,
of whom Barbara Smith and David Smith are,       
Appellants.
 
 
 

Appeal from Bamberg County
James D. Bailey, Special Referee

Unpublished Opinion No. 2004-UP-333
Submitted May 12, 2004  Filed May 17, 
 2004

REVERSED

 
 
 
James B. Jackson, Jr., of Orangeburg, for Appellants.
Darra J. Vallini, of Lexington, for Respondent.
 
 
 

PER CURIAM:  David and Barbara Smith appeal 
 from the special referees order granting Nationwide Insurance Companys motion 
 for summary judgment.  We reverse.
 FACTS
AND PROCEDURAL BACKGROUND
 On August 25, 1999, David Smith drove 
 his employers log truck, a 1988 Kenworth Tractor, to Georgia on company business.  
 While in Georgia, the truck experienced mechanical problems and Smith called 
 Donald Brandt, whom Smith then believed was his employer, for assistance.  
 Brandt arrived at the scene driving his personal vehicle.  He decided to tow 
 the log truck behind his vehicle and drive back to South Carolina.  Smith 
 steered the disabled log truck while it was being towed.  During the tow of 
 the log truck, two tires on Brandts vehicle blew out, forcing both vehicles 
 off the road and down a hillside.  Smith was injured as a result of this accident.
 On the date of the accident, Smith believed Brandt 
 was his employer.  Smith subsequently learned of Brandts purported transfer 
 of the 1988 Kenworth Tractor to his daughter, Chastity Connelly, on August 
 1, 1999, under the name Connelly Specialty Post Poles and Lumber.  Brandts 
 attempted transfer to his daughter of ownership of his company assets, including 
 the log truck, was part of his apparent efforts to defraud a judgment creditor.  
 On July, 12, 1999, a judgment in excess of one million dollars was entered 
 in Bamberg County against Brandt. 
 [1] 
 While a bill of sale was executed transferring 
 the Kenworth Tractor to Chastity and her company, 
 [2] Connelly Specialty Post Poles and Lumber, neither the bill of sale 
 nor the certificate of title were filed with the South Carolina Department 
 of Public Safety. [3]   Moreover, 
 prior to the one million dollar judgment, there had never been any discussion 
 by [Brandt] to [Chastity] or by [Chastity] to [Brandt] that she was going 
 to get into any transportation business.  Nevertheless, Chastity claimed 
 to be Smiths employer on the day of the accident, August 25, and only 
 on that day.  Not knowing whether Brandt or Chastity was his true employer 
 on August 25, Smith named both Brandt and Chastity in his workers compensation 
 claim.  That claim was settled, with contributions from both Brandts and 
 Chastitys respective companies, prior to the issuance of a final decision 
 by the Workers Compensation Commission.  The orders approving the settlement 
 agreements refer to Brandt as the alleged employer and Chastity as the employer.
 Smith and his wife subsequently filed a negligence 
 action against Brandt.  Brandts personal vehicle was covered by a Nationwide 
 insurance policy.  Nationwide filed a declaratory judgment action, seeking 
 a determination that it owed no duty to insure Brandt.  Specifically, Nationwide 
 argued against coverage because it claimed Smith was employed by Brandt at 
 the time of the accident, and Brandts policy specifically excluded employees 
 from coverage.  The matter was referred to a special referee.  Nationwide 
 filed a motion for summary judgment based primarily upon depositions taken 
 in the workers compensation action.  The special referee granted the motion, 
 finding Brandt was Smiths employer on August 25, 1999, as a matter of law.  
 The Smiths appeal.
 STANDARD
 OF REVIEW
 Summary judgment is appropriate when the pleadings, 
 depositions, answers to interrogatories, and admissions on file, together 
 with the affidavits, if any, show that there is no genuine issue as to any 
 material fact and that the moving party is entitled to a judgment as a matter 
 of law. Rule 56(c), SCRCP; see also Tupper v. Dorchester 
 County, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997); Wells v. City 
 of Lynchburg, 331 S.C. 296, 301, 501 S.E.2d 746, 749 (Ct. App. 1998).  
 In reviewing the grant of a summary judgment motion, this court applies 
 the same standard which governs the circuit court: summary judgment is proper 
 when there is no genuine issue as to any material fact and that the moving 
 party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; 
 Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 114-15, 410 S.E.2d 
 537, 545 (1991).  In determining whether any triable issues of fact exist, 
 the evidence and all inferences which can be reasonably drawn from the evidence 
 must be viewed in the light most favorable to the nonmoving party.  Strother 
 v. Lexington County Recreation Commn, 332 S.C. 54, 61, 504 S.E.2d 117, 
 121 (1998).
 DISCUSSION
 The Smiths argue the special 
 referee erred in granting Nationwides motion for summary judgment.  We 
 agree.
 The relevant section of the Nationwide 
 policy on Brandts personal vehicle excludes coverage for injury to 
 an employee of any insured while engaged in employment.
 We find that, based upon the pleadings, 
 exhibits, and deposition testimony in this case, the special referee 
 erred in granting Nationwides motion for summary judgment.  In granting 
 summary judgment the special referee improperly assigned credibility 
 to Smiths initial belief that he was employed by Brandt on August 25. [4]   The special referee ignored 
 the appropriate summary judgment standard in find[ing] Mr. Smiths 
 testimony is more credible than that offered by Mr. Brandt and Mr. Brandts 
 daughter, Chastity.  See Heirs v. Mullens, 310 S.C. 63, 
 68, 425 S.E.2d 57, 60 (Ct. App. 1992) (stating matters of credibility 
 should not be determined at the summary judgment stage.).  The special 
 referee further ignored the following deposition testimony of Brandt 
 and Chastity, respectively:

 
 
 
 Q:
 On the date 
 of this accident, August 25, 1999, who was Mr. Smith working for?
 
 
 A[by Brandt]: 
 On the day of the 
 accident?
 
 
 Q:
 Yes, sir.
 
 
 A:
 Who was he 
 working for?
 
 
 Q:
 Yes, sir.
 
 
 A:
 He was working 
 for Connelly Post Specialty.
 
 
 ...
 
 
 
 Q:
 Do you know 
 of any documents or personnel files  to a Mr. Smith?
 
 
 A[by Chastity]:
 No.  He only was 
 employed for one day.
 
 
 Q:
 All right.  
 And what day was that?
 
 
 A:
 August the 
 25th, 1999.
 
 
 

 The special referee inexplicably determined 
 that this record yielded but one conclusion, that is, Brandt was David 
 Smiths employer on August 25, 1999.  Viewing the facts and inferences 
 in a light most favorable to the Smiths, this record, at a minimum, 
 creates a genuine issue of material fact as to whether Brandt or Chastity 
 was David Smiths employer on August 25, rendering summary judgment 
 inappropriate.
 CONCLUSION
 The special referees order granting Nationwides 
 motion for summary judgment is
 REVERSED.
 ANDERSON, HUFF, and KITTREDGE, JJ., concur.
 
 

 
 
 [1]        Chastity understood her fathers reason for the transfer 
 to her of his business interests: [W]ell, the end of July, we decided 
 that we were going to switch my fathers truck into my name and I was 
 going to buy the truck from him due to a huge lawsuit against him in 
 July of 99actually, my father asked me about the truck due to his 
 lawsuit.  That was the whole reason wehe wanted to get it out of his 
 name.
 
 
 
 
 [2]        The term company is used loosely, for Chastity produced 
 little in terms of business records at her deposition in response to 
 Smiths subpoena.
 
 
 
 [3]        The bill of sale reflected a payment of $10,500.  It 
 is admitted, however, that no payment was ever made or intended.  Brandt 
 maintained insurance on the log truck after the August 1 purchase.
 
 
 
 
 [4]        As noted, Smith was initially unaware of the purported 
 transfer of the Kenworth Tractor from Brandt to Chastity.